## JOHN GOES v. GAGE COUNTY.

FILED FEBRUARY 17, 1903.  No. 12,539.

Commissioner's opinion, Department No. 2.

1. **County: TOWNSHIP ORGANIZATION: HIGHWAY: CULVERT: CONSTITUTION: MAINTENANCE: LIABILITY.** Counties governed by the township organization act of 1895 are relieved from the duty and liability to construct, maintain and keep in repair ordinary highways and culverts.

2. **Duties and Liabilities of Townships.** Such duties and liabilities are imposed upon the townships, in counties so governed.

3. **Counties Which Have Adopted Township Organization.** Counties which have adopted the township organization act, are thereby taken out of the operation of section 4 of chapter 7 of the Session Laws of 1889, making counties liable for damages sustained by means of the insufficiency or want of repair of highways and culverts. Not being liable at common law for a failure to properly construct and repair the same, no recovery can be had against a county so governed for damages sustained by reason of such failure or neglect.

ERROR from the district court for Gage county. Action, in the nature of case, against a municipal corporation charged with the repair of highways (as was alleged) for injury received in the death of a mare, the property of plaintiff, in said county. Plaintiff below sued for $75, the alleged value of the mare. Tried below before LETTON, J., upon an agreed statement of facts, without the intervention of a jury. Finding and judgment for defendant. *Affirmed.*

*Edwin N. Kauffman,* for plaintiff in error.

*Harry C. Sackett* and *Harry E. Spafford, contra.*

BARNES, C.

This suit was commenced by the plaintiff in error against Gage county to recover the sum of $75 on account of damages alleged to have been sustained by him for the loss

Syllabus by court; catch-words by editor.

of a mare, injured while traveling upon a public road or highway situated in that county. A jury was waived, and the cause was submitted to the district court on a stipulation or agreed statement of facts which is as follows:

"First, that the defendant, the county of Gage, is a municipal corporation, duly organized and existing under and by virtue of the general laws of the state of Nebraska, and is a county within said state, and is under township organization. Second, that the plaintiff is a resident of said county; that on the 17th day of March, 1900, plaintiff was driving his team upon and over the public highway between the northwest quarter of section 18, township 1, range 7, and the northeast quarter of section 13, township 1, range 6 east of the 6th P. M. in Gage county, Nebraska; that this section of said highway is in road district No. 1, and under the supervision of Paddock township in said county; that at a certain point in said highway there were defects consisting of a washout creating an impassable ditch across all of said highway, except about twelve feet on the west side of said public highway, and that under and across this part of said highway there had been an old lumber culvert which had been covered by earth graded over it; that said washout extended up to and under said culvert in such a way that plaintiff in driving over the regularly traveled track upon said highway, and while crossing over and upon said culvert, his team broke through said culvert and one of the horses, a mare, fell into said ditch or washout, breaking her leg and receiving other injuries by reason of which she was rendered wholly worthless and plaintiff was compelled to kill her. Said mare was reasonably worth the sum of $75, and that the plaintiff was damaged by reason of the loss of said mare in the sum of $75; that said accident was caused by the defective construction of said road or culvert and was without any negligence or [want of] care on the part of the plaintiff; that an action was commenced by the plaintiff for the recovery of said dam-

ages within thirty days of the time of said accident; that the cost of construction and keeping in repair the said culvert would not exceed the sum of $25."

Upon these facts the court found generally for the defendant, and that the defendant was not liable for injuries sustained by the defective condition of the highway in Paddock township, because the county, in which the highway was situated, being under township organization, was not made liable by law for the care, construction, repair and maintenance of the highways and culverts situated therein; that the effect of the township organization act of 1895, was to take away the liability of counties under township organization to construct, repair and maintain the highways situated within the respective townships therein, and place that liability upon said townships. Upon these findings, judgment was rendered for the defendant, and plaintiff thereupon prosecuted error to this court.

The single question presented for our consideration is whether or not a county in this state is liable for special damages occasioned by reason of the defective condition or construction of the ordinary highways within its several townships, where the county is governed by the township organization act. It was held before the passage of the act of 1889, making counties liable for injuries occasioned by the defective condition of highways or bridges which they were required to maintain and repair, that a county was not liable in damages at common law, or under the Revised Statutes of 1866, for injuries caused by the breaking down of a public bridge on account of the negligence of the county commissioners. *Woods v. Colfax County*, 10 Nebr., 522; *Hollingsworth v. Saunders County*, 36 Nebr., 142, 144. Prior to the passage of the act of 1889, above mentioned, it was the settled law of this state that a county was not liable for injuries caused by the defective condition of its highways and bridges. Section 117, chapter 78, of the Compiled Statutes of 1901 (Annotated Statutes, sec. 6135), by which counties were

made liable for such damages, is as follows: "If special damage happens to any person, his team, carriage, or other property by means of insufficiency, or want of repairs of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county,  *   *   * *Provided, however,* that such action is commenced within thirty (30) days of the time of said injury or damage occurring." By this act it appears that damages can not be recovered against the county for the defective condition of highways and bridges unless it is liable to keep them in repair. Following the enactment of this law, the legislature of 1895 passed the present township organization act, and it is conceded and agreed that Gage county, the defendant in error, is one of the several counties of the state which has adopted township organization, and is governed by the terms of that act. The act above mentioned, article 4 of chapter 18 of the Compiled Statutes of 1901 (Annotated Statutes, secs. 4522-4595), provides for the adoption of township organization, and the manner in which counties adopting the provisions thereof shall be governed. We may state in a general way that the law provides for a board of supervisors, consisting of seven members; that after the adoption of that method of government the county commissioners shall divide the county into districts and appoint supervisors for district vacancies; that thereupon the board of supervisors shall meet and organize, and at once divide the county into townships; that after having made such division the board shall proceed to designate the name of each town, and may change the name of any town at any other meeting upon a petition of a majority of the voters of such town. It is further provided that the county clerk shall record, in a book kept for that purpose, the names and boundaries of each town as designated by the county board, and shall forthwith forward an abstract thereof to the auditor of public accounts of the state, who is required to make a record of the same. Provisions are

made for the appointment of township officers, and for
their election; for town meetings, elections, and for a town
board, consisting of the town clerk, the town assessor
and the justice of the peace in and for the township. Sec-
tion 21 of the act provides that: "Every town shall have
corporate capacity to exercise the powers granted thereto,
or necessarily implied, and no others. It shall have
power: first—to sue and be sued; second—to acquire, by
purchase, gift, or devise, and to hold property, both real
and personal, for the use of its inhabitants, and again to
sell and convey the same; third—to make all such con-
tracts as may be necessary in the exercise of the powers
of the town." Section 22 confers certain powers upon the
electors of the town, present at the annual town meeting,
among which it is stated that the electors shall have power
to take action to induce the planting and cultivation of
trees along highways in such towns, and to protect and
preserve the trees standing along or on highways; to con-
struct and keep in repair public wells, and regulate the
use thereof; to prevent the exposure or deposit of offensive
or injurious substances within the limits of the town; to
make such by-laws, rules and regulations as may be deemed
necessary to carry into effect the powers granted them,
and impose such fines and penalties, not exceeding $20,
as shall be deemed proper, except when the fine or penalty
is already allowed by law, such fine or penalty to be im-
posed by any justice of the peace of the town where the
offense is committed; to direct the raising of money by tax-
ation for the following purposes: "For constructing or re-
pairing roads and bridges within the town to the extent
allowed by law. 2d. For the prosecution or defense of
suits by or against the town or in which it is interested. 3d.
For any other purpose required by law. 4th. For the pur-
pose of building or repairing bridges over streams dividing
said town from any other town." Besides many other
matters too numerous to mention here. Section 26 further
provides that: "The electors of each town shall have power
at their annual town meetings to elect such town offi-

cers as may be required to be chosen to direct the institution and defense of suits at law or equity in which such town may be a party in interest; to direct such sum to be raised in such town for the support and maintenance of roads and bridges, or for any other purpose provided by law as they may deem necessary; to take measures and give directions for the exercise of their corporate powers; to impose penalties upon persons offending against any such regulations, and to make rules, regulations and by-laws necessary to carry into effect the powers herein granted." It may be further stated that this law provides that the money necessary to defray the town charges of each town shall be levied on the taxable property in such town in the manner prescribed by law for raising revenue; that the taxes, when so collected, shall be paid over to the town treasurer, and shall be paid out by him on orders drawn on him signed by the town clerk and countersigned by the justice of the peace; that the money raised by the direction of the legal voters at the annual town meeting for construcing or repairing roads and bridges within the town shall be paid to the township treasurer, and shall be expended by the town under the direction of its officers and the overseers of highways therein. In fact, the whole matter of township government is committed to the town boards, or the electors of the township, as the case may be, and each township is made a body corporate, capable of suing and being sued, and for the express purpose of conducting the town's affairs separate and apart from the affairs of the county. By section 67 of article 1 it is provided that, in addition to the powers generally conferred upon all county boards, the board of supervisors shall have power to appropriate funds to aid in the construction of roads and bridges, not exceeding two mills of the levy of the current year for general purposes, and section 100 of chapter 78 of the Compiled Statutes of 1901 (Annotated Statutes, sec. 6098), entitled "Roads," provides that when it shall be necessary to build, construct, or repair any bridge, or road, in any town, which would be an unreasonable burden

to the same, the cost of which will be more than can be raised in one year by ordinary road taxes in such town, the town board shall present a petition to the county board of the county in which such town is situated, praying for an appropriation from the county treasury to aid in the building, constructing or repairing of such bridge or road, and such county board may (a majority of all of the members elect voting for the same) make an appropriation of so much for that purpose as in their judgment the nature of the case requires and the funds of the county will justify."

By section 57 of the township organization act, it is provided that the matters for which the town is authorized to raise money by a vote at the town meeting, together with the compensation of the town officers for services rendered, shall be deemed town charges. And in section 91, chapter 78 of the Compiled Statutes (Annotated Statutes, sec. 6089), entitled "Roads," we find the following: "In counties under township organization the township road tax and the town treasury from the several road districts in discharge of road tax, and all moneys paid into the town treasury from the several road districts in discharge of labor tax, shall constitute a town road fund, which shall be at the disposal of the town board for the benefit of the road districts of the town for road purposes. Provided that one-half of all moneys paid into the town treasury from the several road districts in discharge of road and labor tax shall constitute a district road fund, and shall be expended by the town board in the road district from which it was collected, for the following purposes: First— For the construction and repair of bridges and culverts, and making fire-guards along the line of roads. Second— For the payment of damages of right-of-way of any public road. Third—For payment of wages of overseers and for necessary tools. Fourth—For the payment of wages of commissioners of roads, surveyor, chainman and other persons engaged in locating or altering any county road,

if the road be finally established or altered, as hereinbefore provided.    Fifth—For work and repairs on roads."

It is therefore clear that in counties under township organization the county itself is no longer liable for the construction, maintenance and repair of the public highways within the several towns; that in such case the towns are chargeable with that duty, and are liable for its performance.    The only exception to this rule is provided for by sections 102a and 102b of chapter 78, which are classified under the head of "Bridges of the County," and are as follows:

"Sec. 102a.    That in counties under township organization, the expense of building, maintaining, and repairing bridges on public roads over streams shall be borne exclusively by the counties within which such bridges are located.

"Sec. 102b.    The county board of every such county shall build, maintain and repair every such bridge, and make prompt and adequate provision for the payment of the expense thereof."

It appearing by the stipulation of facts in this case that the plaintiff received the injuries to his property for which he sues, by reason of the negligent construction or failure to repair a part of the highway in Paddock township, which the county was not liable to construct, maintain or repair, and not upon any bridge or portion of the highway which the county was liable in any way to maintain, there is no law authorizing a recovery in his favor therefor.

It is clear that the township organization act relieves the counties governed thereby of any liability for the ordinary construction, maintenance or repair of the highways and culverts therein, and delegates to and imposes such liabilities and duties upon the several towns.    This, in effect, takes such counties out of the operation of the act of 1889, hereinbefore quoted, and, the county not being liable at common law for damages sustained by reason of a failure to repair highways and bridges, it follows that no recovery can be had in this case.

Goes v. Gage County.

The judgment of the district court, therefore, was right, and we recommend that it be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is.

AFFIRMED.