CHARLES B. WILSON V. ULYSSES TOWNSHIP OF BUTLER
COUNTY, NEBRASKA.

FILED DECEMBER 7, 1904. No. 13,661.

1. **Highways:** TOWNSHIPS: LIABILITY. A township organized under
the township organization act in this state is not liable to per-
sons injured by reason of defects in the public highways within
the limits of such township.

2. **Case Distinguished.** The second point in syllabus in the case of
*Chicago, B. & Q. R. Co. v. Klein,* 52 Neb. 258, distinguished,
in so far as it states unqualifiedly that such township is a
"municipal corporation."

ERROR to the district court for Butler county: ARTHUR
J. EVANS, JUDGE. *Affirmed.*

*C. H. Aldrich* and *L. B. Fuller,* for plaintiff in error.

*Matt Miller,* contra.

LETTON, C.

This action was brought against Ulysses township of
Butler county, Nebraska, to recover damages for injuries
sustained by the plaintiff in error, by reason of the de-
fective condition of a highway within said township, which
it is alleged it was the duty of the township as a municipal
corporation to keep in repair. A general demurrer to the
petition was sustained and the action dismissed. The
question presented is whether or not a township in coun-
ties in this state under township organization is liable for
injuries caused by defects in the public highways within
such township.

The plaintiff in error bases his right to recover sub-
stantially upon three grounds.: (1) That a township
under the township organization act of 1895 is a complete
corporate entity with plenary powers with respect to all
of its duties and obligations; (2) that such a township

assents and voluntarily agrees to relieve and take upon itself certain duties and liabilities imposed by statute on counties; (3) that the liability with respect to special damages imposed upon counties is now transferred by virtue of the township organization act to the respective townships adopting the same. He contends that a township in this state is a complete municipal corporation; that, having voluntarily entered into certain obligations, having a charter for its existence in the constitution itself, and being by statute clothed with full authority to maintain a government for and by itself, in the same way and to the same extent as a village, the liability for negligence must follow; that there is a clear distinction between counties under the commissioner system and townships under the township system; that a county is a subdivision of the state itself, but that a township is a full and complete municipal corporation, having an independent corporate entity and a complete scheme of government, invested with exclusive control over the highways within its limits, and with authority to raise money and repair the same, and that hence at common law it is liable for failure to perform its duties, and for damages to individuals injured by such failure.

If, as is contended by the plaintiff, a township under our township organization act is a complete municipal corporation, and is to be considered in all respects the same as the ordinary municipal corporation, which usually consists of a town, village or city in the concrete sense of an aggregation of dwellings, or of persons living in more or less close proximity within a circumscribed area, the mere statement of the proposition would be the only thing necessary to establish the liability of the defendant in error. Ever since the opinion of Judge MAX-WELL in *City of Omaha v. Olmstead,* 5 Neb. 446, it has been the settled law in this state that municipal corporations are liable for the failure upon the part of their officers to perform their duty in regard to maintaining the streets of the city in a reasonably safe condition. In that

case the leading English and American cases upon the subject were cited in the argument and in the opinion, and the doctrine laid down therein is in conformity with the holding of the great majority of the courts of this country.

Is a township a municipal corporation such as to make it liable for the negligence of its officers as to highways under the rule adopted in the state? The origin of the township in this country as a governmental unit, is to be found in the New England colonies. The statutory provisions in Massachusetts with respect to the powers, duties and liabilities of towns' may be taken as typical of those usually enacted for the creation and government of such corporations. By the laws of Massachusetts townships are bodies corporate. They may in their corporate capacity sue and be sued in the name of the town. They may hold real and personal property for the use of the people of the town, and may hold property in trust for the support of schools. They may make all contracts necessary for the exercise of their corporate powers, and may sell and dispose of their corporate property. They may levy taxes for the support of schools, for the relief of the poor, for the construction and repair of highways, and for burial grounds, and may make by-laws for their general management and for preserving peace and good order. Town meetings are provided for at which town officers shall be elected, and the respective duties of these officers are specified in detail. The idea of the New England town was carried westward with the spread of population, and in nearly every western state the New England town meeting exists, either by itself as the only agency for general local administration outside of unincorporated villages and cities, or side by side with the system of county government by commissioners, which system has also spread westward from those colonies in which it first evolved upon this side of the Atlantic. For an interesting and instructive account of the history, modifications and practical operation of the township and county sys-

tems of local government in this country, see Bryce, American Commonwealth, chapter 48.

At a very early period in Massachusetts it was thought necessary to provide by .statute that towns should be liable to actions for defects in the highways by persons who sustained special damage to their persons or their property by reason of such defects, and generally in the New England states to this day such liability is compelled by statute, so that but little light upon the question under consideration is to be found in these states, unless from the fact that, since statutes were enacted imposing such liability, the presumption may perhaps arise that, in the absence of such statute, no such liability was thought to accrue. In *Mower v. Leicester*, 9 Mass. 247, decided in 1812, it was held that a town was not liable in a common law action for damages sustained by an individual from a defect in the highways of the town. This case was based upon the doctrine of the English courts; the case of *Russell v. Men of the County of Devon*, 2 T. R. (Eng.) 667, being the leading case upon the subject. An interesting discussion of this subject is to be found in 1 Dillon, Municipal Corporations (4th ed.), secs. 961, 962, 963. A most thorough and exhaustive consideration of the whole subject, with the history of the various adjudications both in England and in this country, and a critical examination of nearly every case, is to be found in the learned opinion of Chief Justice Gray in *Hill v. City of Boston*, 122 Mass. 344, 23 Am. Rep. 332. Nothing that this court can say can equal this illuminating opinion in the light thrown upon the whole question. See also for the opinion of this court upon related subjects, *McConnell v. Dewey*, 5 Neb. 385, and *City of Omaha v. Olmstead*, supra.

Upon a comparison it will be seen that there is but little difference between the powers, duties and liabilities of a county in this state and those of a township. The object and purpose of their organization are the same, and the results sought to be accomplished are substantially alike,

except in degree and territorial extent of jurisdiction. The main point of distinction between the two systems is the more popular and democratic form of government allowed by the township; the idea of local self-government being the essence of the township system. *Van Horn r. State,* 46 Neb. 62. Counties are bodies politic and corporate. They may sue and be sued, plead and may be impleaded, and defend and be defended against, in courts having jurisdiction of the subject matter. They have power to purchase and hold the real and personal estate necessary for the use of the county, and may be the beneficiary of real estate conveyed to trustees, whether the real estate is situated in the same county or other counties of the state. They may sell, convey or lease any real or personal estate owned by the county. They may make contracts and do all other acts necessary to the exercise of their corporate powers. They may lay out, alter or discontinue roads, provide the necessary buildings, furniture and stationery for the use of the county officers. Townships also are bodies corporate. The law provides that each town shall have corporate capacity to exercise the powers granted thereto, or necessarily implied, and no others. It shall have power, first, to sue and be sued; second, to acquire property both real and personal for the use of its inhabitants, and to sell and convey the same, and to make such contracts as may be necessary in the exercise of the powers of the town; and the electors at the town meeting shall have power, among other things, to foster the planting of trees along the highways in such towns; to provide for public wells and regulate their use; to prevent nuisances; to make by-laws, to carry the powers of the township into effect; to raise money for constructing and repairing roads and bridges, for the prosecution or defense of suits by or against the town; and, in general have substantially the same powers for the same purposes as are authorized on the part of the county. A critical survey of these statutory powers granted to counties as corporate entities, and to townships as such, shows

clearly that the purpose of the township, as of the county, is to carry into effect with ease and facility certain powers and functions which are governmental in their nature, and which may be more readily and conveniently carried on by subdivision of the territory of the state into smaller areas. The powers with which they are entrusted are powers segregated and carved out from the mass of the sovereignty of the state. They are subdivisions of the state government upon which, for convenience, certain powers have been conferred, strictly limited, however, to the exercise of certain functions more easily carried out by subdivision.

A township partakes somewhat of a dual nature. In so far as its inhabitants exert the power of direct local self-government, they resemble municipal corporations acting under charters conferring such powers, but, in so far as the powers which the township exercises are limited and confined to those which properly belong to the government of the state as a whole, and which are merely devolved upon the township as a portion of the state government, they are mere local subdivisions of the state. Such organizations therefore are merely *quasi* corporations, not endowed with the full and plenary powers usually conferred either by charter or by general law upon municipal corporations proper, but only resembling the same in organization and functions. The assent of the inhabitants of each township to the provisions of the law is not required before the duties and liabilties imposed by the act are put in operation. It is a majority of the voters in the county which prescribes whether the township organization act shall apply within a given county or not. The inhabitants of a given township may be bitterly opposed to the township system of government, but they may be compelled against their will to be governed by this system.

"The reason which exempts these public bodies from liability to private actions, based upon neglect to perform a public duty, does not apply to villages, boroughs and cities, which accept special charters from the state. The

grant of the corporate franchise in those cases is usually made only at the request of the citizens to be incorporated, and it is justly assumed that it confers a valuable privilege, and which is held to be a consideration for the duties imposed by the charter. By those charters, larger powers of self-government are conferred than those confided to towns or counties; larger privileges in the acquisition and control of corporate property, and special authority is given them to make use of the public highways for the special and peculiar convenience of the citizens of the municipality in various modes not permissible elsewhere. These grants raise an implied promise on the part of the corporation to perform their corporate duties, and it inures to the benefit of every individual interested in its performance." *Town of Waltham v. Kamper*, 55 Ill. 346, 8 Am. Rep. 652.

Say the supreme court of the United States:

"And here a distinction is to be noted between the liability of a municipal corporation, made such by acceptance of a village or city charter, and the involuntary *quasi* corporations known as counties, towns, school districts, and especially the townships of New England. The liability of the former is greater than that of the latter, even when invested with corporate capacity and the power of taxation. 1 Dillon, Municipal Corporations (4th ed.), secs. 10, 11, 13; 2 Dillon, Municipal Corporations (4th ed.), sec. *761. The latter are auxiliaries to the state merely, and, when corporations, are of the very lowest grade, and invested with the smallest amount of power." *Barnes v. District of Columbia*, 91 U. S. 540.

In *Riddle v. Proprietors of Locks and Canals on Merrimack River*, 7 Mass. 169, it was said by Chief Justice Parsons:

"We distinguish between proper aggregate corporations, and the inhabitants of any district, who are by statute invested with particular powers without their consent. These are in the books sometimes called *quasi* corporations. Of this description are counties and hundreds, in

England; and counties, towns, etc., in this state. Although *quasi* corporations are liable to information or indictment, for a neglect of public duty imposed on them by law, yet it is settled, in the case of *Russell v. Men of the County of Devon,* 2 T. R. (Eng.) 667, that no private action can be maintained against them for a breach of their corporate duty, unless such action be given by statute."

The statement in the second part of the syllabus in *Chicago, B. & Q. R. Co. v. Klein,* 52 Neb. 258, that "a township in a county under township organization is an independent corporate entity—a municipal corporation—within the meaning of section 6, article IX of the constitution," is to be considered with reference to the matter actually in controversy in that case. In the body of the opinion it is said:

"In other words, a township in counties under township organization is an independent corporate entity, authorized by the constitution and vested by the legislature with power to assess taxes upon all the property therein for such purpose as the legislature has declared to be township purposes."

The question as to whether a township was a "municipal corporation" was not at issue in the case and was not considered. It is not stated in the body of the opinion that a township is a municipal corporation, and the clause injected in the syllabus was evidently done by inadvertence and is merely *obiter dictum.*

In this state the rule of the common law has been adopted, and counties being only *quasi* corporations are held not liable to parties injured by defects in highways. *Woods v. Colfax County,* 10 Neb. 552. By the enactment of the law of 1889, sections 114-118, chapter 78, Compiled Statutes, 1903 (Annotated Statutes, 6132-6136), which provides that, under certain circumstances and for a limited period after the injury is sustained, an action may be maintained against the county for such injury, the rule has been changed to a limited degree only, and, unless a party injured brings himself strictly within the letter

of the statute, the common law rule still applies. *Swancy v. Gage County*, 64 Neb. 627. The rule of the common law applies as well to townships; and there being no statute imposing such liability upon them this action cannot be maintained. We are aware that in a few states a different rule is applied as to the negligence of such *quasi* corporations, but we believe the one announced to be based upon the better reason and more in accord with the previous decisions of this court. If another rule is to be adopted in this state it must be done by legislation.

2. We think there is no force in the contention of the plaintiff in error that after the enactment of the township organization law the special statute just mentioned, which is applicable by its terms to counties only, became applicable to townships.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in this opinion, the judgment of the district court is

AFFIRMED.