STATE OF NEBRASKA, APPELLANT, V. BONE CREEK TOWNSHIP, BUTLER COUNTY, APPELLEE.

FILED NOVEMBER 13, 1922.     No. 22434.

1.  **Townships.** In a county under township organization, a township or town is a subdivision of state territory, convenient in area, for the purpose of carrying into effect limited powers governmental in their nature.

2.  **Highways:** CONSTRUCTION: TOWNSHIPS: POWERS. A township in a county under township organization has statutory power to direct the raising of money by taxation for the construction and the repairing of roads within its jurisdiction and to make necessary contracts for that purpose.

3.  ————: PAVEMENT: TOWNSHIPS: POWERS. A township may, within legal limitations, appropriate money to defray a portion

of the expense incurred by the state in voluntarily paving a road within the township.

4. ———. Public roads constructed and controlled exclusively by the state or a subdivision thereof are not "works of internal improvement" within the meaning of that term as used in the constitutional provision prohibiting "donations to any railroad, or other works of internal improvement, unless a proposition so to do shall have been first submitted to the qualified electors thereof, at an election by authority of law." Const. 1875, art. XII, sec. 2.

APPEAL from the district court for Butler county: GEORGE F. CORCORAN, JUDGE. *Reversed.*

*Clarence A. Davis, Attorney General,* and *Mason Wheeler,* for appellant.

*E. A. Coufal, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and ALDRICH, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

This is an action by the state of Nebraska, plaintiff, to recover from Bone Creek township, Butler county, Nebraska, defendant, $4,000 appropriated by it to defray a portion of the expense of paving a road therein a distance of 4,360 feet from the foot of Hookstra Hill across the Platte river bottom to the Schuyler bridge over the Platte river. In consideration of this paving defendant agreed to contribute that amount but refused payment after plaintiff had completed the improvement at a cost of $25,000. This action to pay part of the expense of paving was taken at an annual meeting held March 5, 1918, as shown by a resolution declaring:

"An appropriation of $4,000 be and is now made, to be applied on paving the road between the river bridge and Hookstra Hill, * * * and that said appropriation be turned over to the state authorities for that purpose."

The trial court sustained a demurrer to the petition and dismissed the action. Plaintiff has appealed.

Defendant contends that the pavement in Bone Creek township is part of a post road or national highway which the federal and the state governments selected, planned and improved at their own expense for their own purpose without regard to defendant; that there is no state or federal law authorizing such paving for a township; that defendant was without power to make the donation; that the paving was an internal improvement to which a township could make no contribution without a vote of the electors at an election authorized by law; that no such election was ever held; that the annual township meeting was not an election within the meaning of the state Constitution, which provides:

"No city, county, town, precinct, municipality, or other subdivision of the state, shall ever make donations to any railroad, or other works of internal improvement, unless a proposition so to do shall have been first submitted to the qualified electors thereof, at an election by authority of law." Const. 1875 art. XII sec. 2.

The argument in favor of these propositions is plausible, but the opposite view seems to be based on more substantial grounds.

In a county under township organization, a township or town is a subdivision of state territory, convenient in area, for the purpose of carrying into effect limited powers governmental in their nature. *Wilson v. Ulysses Township*, 72 Neb. 807. Included in these governmental functions was the statutory power to direct the raising of money by taxation for the construction and the repairing of roads within the township and to make contracts necessary to the exercise of such power. Rev. St. 1913, secs. 1007, 1008, 1012; *Wilson v. Ulysses Township*, 72 Neb. 807. It was under this authority that defendant acted in making the appropriation. If the highway improved was part of a government or post road under the control of the state or nation, as argued by defendant, those sovereignties were not obliged to make a permanent pavement across the Platte river bottom through

Bone Creek township. In voluntarily assuming the principal burden of paving a single road for a short distance, the state and nation did not take from defendant the governmental functions mentioned.

The petition does not allege that a proposition to appropriate money for the purpose of defraying a portion of the expense of the paving had been submitted to the qualified electors "at an election by authority of law" —a requirement of the Constitution, if the paving is a work of "internal improvement" in the sense of that term as used in the supreme law. Const. 1875, art. XII, sec. 2. Did defendant have power to make the appropriation without a vote of the electors? In other words, was the appropriation a "donation" to "works of internal improvement," within the meaning of the Constitution? The supreme court of Minnesota said that an appropriation to aid in the construction or repairing of a public road is an appropriation for a work of "internal improvement" as the words are used in the Constitution of that state, and the supreme court of Kansas seems to have followed the precedent. *Cooke v. Iverson,* 108 Minn. 388, 52 L. R. A. n. s. 415; *State v. Knapp,* 99 Kan. 852, L. R. A. 1917C, 1034. The supreme court of Maryland, however, took the opposite view of a somewhat similar constitutional provision. *Bonsal v. Yellott,* 100 Md. 481, 69 L. R. A. 914. In forbidding subdivisions of the state to "make donations" to any railroad, or other "works of internal improvement," without submitting to the electors a proposition to do so, the framers of the Nebraska Constitution of 1875 and the people who adopted it had in mind the evils arising from excessive donations of public funds to enterprises performing public services for private gain. Public buildings used exclusively for governmental purposes, without direct pecuniary profit to any corporation, or individual, are, in a popular sense, internal improvements, but they are obviously not within this constitutional inhibition.

At the time defendant agreed to make its contribution

to the costs of the paving, the primary burden of constructing highways and of keeping them in repair fell on counties and on townships in counties under township organization. The function exercised in making and improving roads for the state under such a system was governmental, involving taxation. Money thus raised and used for the benefit of the public as a whole can scarcely be called a "donation," unless all taxes devoted exclusively to public purposes are viewed in the same light. The limited governmental powers of a township are not shared by private corporations or individual agencies acting for private gain. No commercial enterprise will manage or control the paved road through Bone Creek township or derive any direct pecuniary benefit from it as a business institution.

The paved road, though an "internal improvement" in a general or popular sense, is not such in the restricted sense contemplated by the Nebraska constitutional provision declaring that no subdivision of the state "shall ever make donations to any railroad, or other works of internal improvement, unless a proposition so to do shall have been first submitted to the qualified electors thereof, at an election by authority of law." *Bonsal v. Yellott*, 100 Md. 481, 69 L. R. A. 914. This conclusion is in harmony with a familiar rule of construction, which has been stated as follows:

"Where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind." 19 C. J. 1255.

In the Constitution "railroad," an enterprise performing public services for private gain, is first specifically designated. This is followed by the general term, "or other works of internal improvement," the word "railroad" indicating the kind of internal improvement to which the provision applies. The paved road is an internal improvement of a different kind. It is financed wholly by the government for the benefit of the public

State v. Bone Creek Township.

alone. The interpretation which does not extend the phrase to paved roads of this kind seems to be more in keeping with the language and purpose of the Constitution than the popular definition of "internal improvement," when that term is separated from the context.

*Union P. R. Co. v. Commissioners of Colfax County,* 4 Neb. 450, has not been overlooked. In that case the court denied an injunction to prevent the collection of taxes to pay interest on county and precinct bonds which had been issued to aid in the construction and in the repairing of a wagon bridge over the Platte river near Schuyler. The bonds had been issued under statutory provisions "To enable counties, cities and precincts to borrow money on their bonds or to issue bonds to aid in the construction or completion of works of internal improvement." The acts were in force in 1869, and the case was decided before the Constitution of 1875 was adopted. While one section of the statutes authorized subdivisions of the state "to issue bonds to aid in the construction of any railroad or other work of internal improvement," other statutory provisions provided for the raising of money to aid in the construction and repairing of bridges. Construing the statutes as a whole, and the term "internal improvement" in its popular sense, a public bridge was held to be an internal improvement. The decision is not regarded as a binding precedent defining that phrase as it subsequently appeared in a restricted sense in the Constitution of 1875.

Having reached the conclusion that the appropriation was not made for an internal improvement within the meaning of the Constitution of 1875 and did not, therefore, require a vote of the electors, it is unnecessary to inquire whether the action taken at the annual meeting was equivalent to an election.

The trial court erred in sustaining the demurrer to the petition. It follows that the judgment of the district court is reversed and the cause remanded for further proceedings.                                    REVERSED.

The following opinion on motion for rehearing was filed May 26, 1923. *Rehearing denied.*

**Highways:** Pavement: Townships: Powers. The paving of a public highway at the partial expense of a township is not a work of "internal improvement" within the meaning of that term as used in the constitutional limitation inhibiting "donations to any railroad, or other works of internal improvement, unless a proposition so to do shall have been first submitted to the qualified electors thereof, at an election by authority of law." Const. 1875, art. XII, sec. 2; *State v. Bone Creek Township*, ante p. 202.

Heard before Morrissey, C. J., Letton, Rose, Dean, Day and Good, JJ., Button, District Judge.

Per Curiam.

A reargument was granted to permit further consideration of the holding that the paving of a public highway at the partial expense of a township is not a work of "internal improvement" within the meaning of that term as used in the constitutional limitation inhibiting "donations to any railroad, or other works of internal improvement, unless a proposition so to do shall have been first submitted to the qualified electors thereof, at an election by authority of law." Const. 1875, art. XII, sec. 2; *State v. Bone Creek Township*, ante p. 202.

The question has been reexamined in the light of an able argument by defendant's counsel after extended research and the exercise of praiseworthy skill. It is insisted that the former opinion is a departure from precedents construing the identical language in question and that due weight has not been given to authentic historical data relating to statutes and constitutional provisions containing the words, "railroad, or other works of internal improvement."

Particular reference is made by defendant to two cases in which the expression, "railroad, or other works of internal improvement," was construed to include bridges as parts of public highways: *Union P. R. Co. v. Commissioners of Colfax County*, 4 Neb. 450; *Traver v. Mer-*

*rick County,* 14 Neb. 327. In those cases the constitu-
tional provision containing the words under consideration
was not construed. The interpretation was confined to
the meaning of statutes passed in 1869. The purposes
of the legislation were considered in connection with the
entire enactment. The question for determination in-
volved a grant of power, and not a constitutional limi-
tation. The same words considered with the context in
a legislative grant may mean something else in a con-
stitutional limitation. Phrases, like words, may vary
in meaning with the context. One of those cases was
decided before, and the other after, the Constitution of
1875 was adopted. The author of the opinion in each
case was a member of the constitutional convention of
1875, and, between the two decisions in point of time, he
concurred in an opinion construing the constitutional
provision itself. The identical words of the Constitu-
tion, "any railroad, or other works of internal improve-
ment," were construed, when the history of both statutes
and Constitution was fresh in the minds of the court, as
follows:

"Bridges built by a county upon the line of its high-
ways and wholly within such county are not 'works of
internal improvement,' according to the constitutional
meaning of that term; and money raised and expended
therefor cannot be counted as a donation to a work of
internal improvement." *DeClerq v. Hager,* 12 Neb. 185.

The attitude of the public changed in regard to dona-
tions for the purpose of aiding railroads and other enter-
prises performing public services for private gain. The
early statutes, enacted when the state was undeveloped,
were apparently intended to facilitate the making of such
donations, but the Constitution of 1875 put a limitation
on the power to do so. The decisions of the court, con-
sidered in the light of history, seem to have followed the
law in both instances. While the reargument on behalf
of defendant created serious doubts as to the correctness
of the views expressed in the former decision in the

present case, there does not seem to be a sufficient reason to recede from it. Relief therefrom on the motion of defendant is denied.

REHEARING DENIED.