REQUESTED BY: Senator Elroy M. Hefner Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Hefner:
You have asked the following questions in regard to Legislative Bill 611:
1. For purposes of legal liability in the event of a lawsuit brought for damages occurring as a result of insufficient maintenance of a road maintained by a township, is a township treated like an incorporated municipality regardless of whether it is actually incorporated, or is the county responsible for the defense of the suit unless it clearly falls within the `incorporated municipality' category?
2. Who would a plaintiff properly sue for damages on a township-maintained road where no incorporated entity exists?
3. In the event an incorporated municipality exists within a township but the township boundaries are broader than the municipal corporate limits, who would a plaintiff sue for damages occurring on a road maintained by the township, but outside the corporate limits of the city?
4. In each such case, is the township or the county, or some combination thereof, responsible for defending the suit?
The primary source for answers to your questions is the Political Subdivisions Tort Claims Act, cited as Neb.Rev.Stat. §§ 23-2401, et seq., (Reissue 1977), which provides the exclusive remedy for tort claims, Christensenv. City of Tekamah, 201 Neb. 344, 268 N.W.2d 93 (1978).
Under Section 23-2402 of this Act, the following definitions are made:
 `(1) Political subdivision shall include villages, cities of all classes, counties, school districts, public power districts, and all other units of local government. Political subdivision shall not be construed to include any contractor with a political subdivision;
 (2) Governing body shall mean the village board of a village, the city council of a city, the board of commissioners or board of supervisors of a county, the board of directors of a public power district, and any duly elected or appointed body holding the power and authority to determine the appropriations and expenditures of any other unit of local government;'
Further, Section 23-2410 of the Act provides:
 `If any person suffers personal injury or loss of life, or damage to his property by means of insufficiency or want of repair of a highway or bridge or other public thoroughfare, which a political subdivision is liable to keep in repair, the person sustaining the loss or damage, or his personal representative, may recover in an action against the political subdivision, . . .'
The questions to answer are, thus, (a) whether townships are units of local government, and, (b) if so, what is their legal responsibility for keeping roads in repair.
The answer to question (a) is found in the case ofWilson v. Ulysses Township, 72 Neb. 807 (1904), wherein at page 812 it is stated without equivocation, `they (townships) are subdivisions of the state government upon which, for convenience, certain powers have been conferred, strictly limited however to the exercise of certain functions more easily carried out by subdivision'. The case analysis compares counties and townships and finds little difference except in degree and territorial extent of jurisdiction.
This holding was later confirmed in the case of State v.Bone Creek Township, Butler County, 109 Neb. 202,190 N.W. 586 (1922), rehearing denied 109 Neb. 202, 193 N.W. 767
(1922), citing Wilson v. Ulysses Township, supra.
As regards question (b), historically, the Nebraska Supreme Court, under statutes then in existence and prior to passage of the Political Subdivisions Tort Claims Act, held that `in counties under township organization the county itself is no longer liable for the construction, maintenance and repair of the public highways within the several towns; that in such case the towns are chargeable with that duty, and are liable for its performance.' Goes v. Gage County,67 Neb. 616, 93 N.W. 923 (1903). But, following later legislation, opinion of the Attorney General No. 136 of July 28, 1972, was released, a copy of which is attached, which opinion places prime responsibility for rural highways in the county board, but recognizes concurrent responsibility for the maintenance of township roads in township boards. Accepting this position, in answer to your first question, it is apparent that either or both the township and county could be sued for damages occurring as a result of insufficient maintenance of a road maintained by a township, township being construed to mean either a `regular' township or one created to encompass only a single municipality. The same answer would apply to your remaining three questions.
(PLEASE NOTE: THE ABOVE NOTED OPINION — NO. 136 JULY 28, 1972 — ARE NOT INCLUDED IN THIS TEXT. REFERENCE THIS OPINION SEPARATELY, IN HARD COPY FORM.)
You further request suggested amendatory legislation if indicated. Whether such legislation is indicated would seem to depend on whether the Legislature wishes to more sharply define and allocate legal liability between counties and townships. It would seem rather apparent that as of now, under this opinion most, if not all, lawsuits would be directed at the county.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Randall E. Sims Assistant Attorney General