REQUESTED BY: Mark L. Eurek, Sherman County Attorney, P.O. Box 621, Loup City, Nebraska, 68853.
1. To what extent can a county board regulate the salaries and the hiring and firing of road employees in a county which is under the township system without a county road unit plan?
2. If the county has a county highway superintendent, is he required to be in charge of the hiring and firing of the road employees?
3. The county surveyor presently acts as county highway superintendent. If he retires, must the county hire a new county highway superintendent if they are under the township plan without a county road unit system? If they do not have a county superintendent, can the duties of the county highway superintendent be assumed by the county board?
4. What procedure must the county board go through in order to fire a road employee in a county road unit plan where the county has a policy that the county board shall be in charge of hiring, firing, disciplining, setting salaries and they presently have an acting highway superintendent?
1. It depends. Who is the employer of such employees?
2. Assuming that township type counties are authorized to have them, county highway superintendents are employees and not officers of the county, and the county board, to the extent of its jurisdiction, can authorize him to have employees which he may be authorized to hire and fire.
3. There is no requirement that a county have a county highway superintendent.
4. Since the county highway superintendent is an employee, and not an officer of the county, he is subject to discipline.
A township is an ancient form of government which is still recognized in our code. Neb.Rev.Stat. §§ 23-224 and23-228 (Reissue 1977) repose considerable powers in the electors at their annual town meeting. Goes v. GageCounty, 67 Neb. 616, (1903), refers to these statutes. It concludes:
 . . . The whole matter of township governments is committed to the town boards, or the electors of the township, as the case may be. . . .
This case makes clear that a county, and a township within such county are separate entities, and that either may have exclusive authority over certain roads.
For an analysis of the status of the county highway superintendent as an employee rather than as an officer of the county, please refer to our Opinion No. 16 dated January 31, 1983. The county highway superintendent being an employee of the county, it is therefore considered unlikely that he has any authority over employees of the township. Conversely, however, it would appear to be well within the authority of the board to authorize the superintendent to employ such persons as are deemed necessary for county purposes, and to give him such authority over them as the board should see fit.
As to your third question, the county surveyor is a county official with a term of office and all that that implies. The county highway superintendent is only an employee of the county, and there would appear to be no requirement that the county have such an office filled. Neb.Rev.Stat. 39-1504
(Reissue 1978) would appear to make it clear, even in commissioner type counties, that a county highway superintendent is not required, despite the provisions of 39-1502. This lack would, however, prevent the receiving of incentive payments as provided in Nebraska Revised Statutes, Chapter 39, Art. 25.
To the extent that a `road employee' is an employee of the county highway superintendent, the board would appear to have such authority because the highway superintendent is a county employee, subject only to such restrictions as apply to firing all public employees. If the `road employee' is an employee of a county officer, such as the county surveyor, or of a township within the county, the county board's authority to fire would appear quite doubtful in any circumstance. This would appear to apply to hiring, disciplining and setting salaries, as well.
Very truly yours, PAUL L. DOUGLAS Attorney General Warren D. Lichty, Jr. Assistant Attorney General Approved:Paul L. Douglas
Attorney General