JOHN W. WEHN, PLAINTIFF IN ERROR, v. COMMISSIONERS OF GAGE COUNTY, DEFENDANT IN ERROR.

**Nuisance:** COUNTY NOT LIABLE FOR. A county is not liable at the suit of a private person for damages occasioned by reason of the erection of a county jail in near proximity to his residence. Neither is it liable if the jail be kept in so filthy a condition as to become an actual nuisance to those persons living near it.

ERROR to the district court of Gage county. Tried below before GANTT, J. The case is stated in the opinion.

*L. W. Colby* (with whom was *Griggs & Enlow*), for plaintiff in error.

There are two classes of cases where damages may be sustained by a private person as the consequences of the act of a municipal corporation. *First*, where the corporation, in a careful manner, performs a lawful act without wrong or negligence, but by such act private property is injured as a consequence. *Second*, where the corporation does an authorized act, but in performing it commits a wrong, such as performing the work carelessly, or negligently, or wantonly and maliciously; or performing the work so as to create a nuisance.

I.   In the first of these cases stated, it has been held by able authority that a municipal corporation like an individual is liable for the injuries resulting to the property of others from the acts of such corporation, though acting within the scope of its corporate authority and without any circumstances of negligence or malice. *Rhodes v. Cleveland,* 10 Ohio, 159; *Goodall v. Milwaukee,* 5 Wis., 32; *Barnes v. Racine,* 4 Wis., 454.

II.   In the second of the cases stated, which is the case in point, it is held that where a corporation does an authorized act but in performing it commits a wrong, it is liable the same as a private person.   Dillon on Municipal Corporations, 780.

They may erect buildings for corporate purposes, but if in so doing they should place their foundations so as to cause water to flow back on private owners the latter would have their action for the damage the same as if the injury had been caused by the individual.   12 U. S. Dig., 453, and cases cited; 1 Hilliard on Torts, 555; Dillon on Municipal Corporations, Sec. 780, Note 1.

A municipal corporation is no more exempt from liability in case it creates a nuisance, either public or private, than an individual.   *Bailey v. The Mayor,* 3 Hill, 531, 541.   *Thayer v. Boston,* 19 Pick., 511.   *Rhodes v. Cleveland,* 10 Ohio, 159.

Whatever is injurious to the health, or indecent, or offensive to the senses, or an obstruction to the free use of the property, so as to essentially interfere with the comfortable enjoyment of life or property, is a nuisance.   18 U. S. Dig., 550.

Noise may amount to a nuisance.   1 Hil. on Torts, 561.

"Anything offensive to the sight, smell, or hearing, erected or carried on in a public place, where the people dwell or pass or have a right to pass, to their annoyance,

is a nuisance at common law." *Hackney v. State*, 8 Ind., 494.

*S. C. B. Dean* and *Alfred Hazlett*, for defendant in error.

I. A county is a political and territorial sub-division of the state, invested with certain powers, expressly granted, to aid in the administration of government. It is but an instrumentality of the state. Its officers are officers of the state, and their duties, with scarcely a single exception, have a direct and exclusive reference to the general policy of the state. *Hamilton County v. Mighels*, 7 Ohio State, 109. *Soper v. Henry County*, 26 Iowa, 264. *Treadwell v. Commissioners*, 11 Ohio State, 183. Dillon on Mun. Corporations, Sec. 10.

II. A county is a *quasi* corporation, and an agency of the state. It owes no duties to the public nor to individuals, except such as are imposed by law. It cannot be sued at common law, and unless an action be expressly given by statute, the county is not liable. *Crowell v. Sonoma County*, 25 Cal., 313. *Hunsaker v. Borden*, 5 Cal., 288. *Lyell v. St. Clair County*, 3 McLean, 580. *Ward v. County of Hartford*, 12 Conn., 404. *Schuyler Co. v. Mercer*, 4 Gilm., 20. *Anderson v. State*, 23 Miss., 459. *Rock Island v. Steele*, 31 Ill., 543.

III. Where the officers, whose acts or neglect of duty is complained of, are elected by the corporation in obedience to some statute to execute a public duty on behalf of the state, such officers are public or state officers, and the doctrine of *respondeat superior*, is not applicable. Accordingly, the county is not liable for the acts or negligence of its officers as claimed by plaintiff in error. *Small v. Inhabitants of Danville*, 51

Maine, 361. *Russell v. Mayor of New York*, 2 Denio, 481. *Oliver v. Worcester*, 102 Mass., 499. *Detroit v. Corey*, 9 Michigan, 184. *Cobb v. City of Portland*, 55 Maine, 381.

LAKE, CH. J.

This is a proceeding in error, to reverse the judgment of the district court, sustaining a general demurrer to the plaintiff's petition.

The plaintiff sought to recover a judgment against the county for damages alleged to have been occasioned by reason of the erection of a county jail in the immediate vicinity of his residence, and in permitting it to be so occupied and managed, as to have become, in fact, a nuisance to himself and family.

Admitting all that is alleged in the petition to be true, which the demurrer does, the question to be determined is, whether or not the county is liable for the damages sustained by the plaintiff in consequence thereof.

From an examination of the authorities at our command, bearing upon this question, we are well satisfied that no such liability exists unless created by statute. *Russell v. The Men of Devon*, 2 T. R., 667. *Hamilton Co. v. Mighels*, 7 Ohio State, 109. *Crowell v. Sonoma County*, 25 Cal., 313. *Ward v. The County of Hartford*, 12 Conn., 404. And it is equally clear that there is nothing in the legislation of this state, either directly or by reasonable implication, recognizing the liability of counties to private actions for the neglect of their officers in the performance of public duties.

By an act of the legislature, approved February 27, 1873, it is made the duty of the board of county commissioners of each organized county in the state, to erect a suitable jail for the confinement of all such per-

sons as under the laws are required to be kept therein. Section three of said act is as follows: "Each county, organized for judicial purposes, shall, as soon as practicable, provide a suitable court house, and a suitable and sufficient jail, and fire-proof offices, and other necessary buildings, and keep the same in repair."

But while the duty to provide a jail is thus imposed upon each county, there is no direction given as to the particular plan, or style to be followed in its erection. These, as well as all the other details, are left entirely to the discretion of the people of each county, acting through the board of commissioners, by which all the powers of the county, as such, are required to be exercised. The board have the power to designate the precise spot upon which the jail shall stand; of what materials, and according to what particular style of architecture it shall be built, the only restriction being that if it be necessary to borrow money to carry forward the work, the proposition must be indorsed by a vote of the people at an election called for that purpose.

In building a jail, therefore, the county simply obeyed a command of the law-making power of the state, in a matter of public concern, and for which it cannot be called upon to defend its action at the suit of an individual for damages alleged to have been occasioned thereby. It may be exceedingly distasteful to have a jail or poor house located adjoining one's private residence; it may even occasion an actual damage, by reason of the annoyances necessarily resulting from a near proximity of one of these institutions; but these, like many other perplexities and annoyances necessarily attending the operations of even the very best of governments, must be submitted to by the citizen as a sacrifice for the public good, and for which the law furnishes no redress.

But, we gather from the petition that the injury complained of resulted not so much from the character of

the structure itself, or the persons kept therein, as from the want of order and the filthiness displayed in its management by the person having it in charge. The complaint is that criminals and drunken men were permitted " to be loose and go at large around said premises, whereby  *  *  *  offensive and frightful noises, wild and terrible yells, shrieks and ravings, vile, profane, obscene and indecent language and words; noxious and offensive swills and stenches were permitted therein." That these noises and stenches "entered the dwelling house and premises of plaintiff nightly and daily, and rendered the same unwholesome and uninhabitable, and incommoded, and exposed to insult and injury the plaintiff and his family," to his great damage, etc.

In this state the care of the county jail, and the government of the prisoners confined therein, is intrusted to the jailer, under such rules and regulations as the judge of the district court sees fit to prescribe in addition to those given in the statutes. If he fail to observe these rules, or to perform any other duty required of him by the law, he renders himself liable to a fine of from five to one hundred dollars, in the discretion of the court. But this liability is personal to the jailer alone. His failure to perform his duties may give a cause of action against him, but none whatever against the county.

We are of opinion the demurrer was properly sustained, and the judgment must be affirmed.

JUDGMENT AFFIRMED.