JACOB WOODS, PLAINTIFF IN ERROR, v. THE COUNTY COMMISSIONERS OF COLFAX COUNTY, DEFENDANTS IN ERROR.

Counties: LIABILITY FOR DAMAGES. A county is not liable in damages at common law, or under the Revised Statutes of 1866, for injuries caused by the breaking down of a public bridge, which was caused by the negligence of the county commissioners.

ERROR to the district court of Colfax county. Tried below before POST, J.

*Hoxie, Russell & Chambers,* for plaintiff in error, citing Gen. Stat., 232, 931, and Laws 1875, p. 12, contended that these provisions of the law show that counties have the power to make, alter, and repair roads and bridges within their limits, and where the law imposes a duty upon a county, by its commissioners, to build and repair roads and bridges, it also gives a remedy for injuries resulting from its non-performance. Angell & Ames on Corps., 214. *Soper v. Henry Co.,* 26 Iowa, 246. *Barrett v. Brooks,* 21 Iowa, 144. *Bell v. Foutch,* 21 Iowa, 119. *McCullom v. Blackhawk Co.,* 21 Iowa, 409. *Brown v. Jefferson Co.,* 16 Iowa, 339. *Wilson & Gusten v. Jefferson Co.,* 13 Iowa, 181. *House v. Board of Commissioners,* 60 Ind., 580. *County Commissioners v. Duckett,* 20 Md., 468. It is the duty of counties to keep the roads within their limits in repair, and for neglect of this duty they are liable at common law. *Wheeler v. Gray,* 20 New Hamp., 77. See also *Dean v. New Milford,* 5 Watts & Serg., 545. *Erie City v. Schwingle,* 22 Penn. State, 384. *Draper v. Fitchburg,* 22 Wis., 675. *People v. Hillsdale,* 23 Wend., 255.

*Phelps & Grimison,* for defendant in error, cited *Russell v. Men of Devon,* 2 Term Rep., 667. *Hamilton County v. Mighels,* 7 Ohio State, 109. Dillon on Municipal Corporations, sec. 10. *Bigelow v. Randolph,* 14 Gray, 541. *Eastman v. Meredith,* 36 New Hamp., 284. *Conrad v. Ithaca,* 16 N. Y., 158. *Riddle v. Locke,* 7 Mass., 169. *Mower v. Leicester,* 9 Mass., 250. Angell and Ames on Corporations, sec. 630, note. 2 Nott & McCord, 537. 2 Hill, 571. *Ward v. The County of Hartford,* 12 Conn., 404. *The Freeholders of Sussex County v. Stradee,* 3 Harr (N. J.), 158. *Hedges v. The County of Madison,* 1 Gilman (Ill.), 567. *Fowle v. The*

*Common Council of Alexandria*, 3 Peters, 409.   *Wehn v. Gage County*, 5 Neb. 497.

MAXWELL, CH. J.

In the year 1876 the plaintiff was injured by the breaking down of a public bridge in Colfax county, and brought an action in the district court of that county to recover damages therefor.   The defendants demurred to the petition on the ground that the facts stated therein were not sufficient to constitute a cause of action.   The demurrer was sustained and the cause dismissed.   The plaintiff brings the cause into this court by petition in error.

The question presented is, whether the county is liable for the neglect of the county commissioners in failing to keep a public bridge in a safe condition.   If the negligence complained of in the petition and consequent injury to the plaintiff had been occasioned by a natural person or a municipal corporation proper, the right to recover would be unquestioned.   But are counties municipal corporations?   Municipal corporations may be defined to be bodies politic and corporate, created by law for the purpose, primarily, of regulating and administering the local and internal affairs of towns, cities, and villages.   Dillon on Mun. Corp., § 9.   Such corporations are created principally for the benefit and convenience of the inhabitants composing the corporation, although they are important auxiliaries of the state in the administration of the law. The charters conferring powers, prescribing duties, and imposing burdens must in some way receive the assent of those to be governed by their provisions, and they thus accept the benefits and agree to perform the duties imposed upon them.

But a county is not, in the proper sense of the word, a municipal corporation.   In *Riddle v. The Pro-*

*prietors of the Locks and Canals*, 7 Mass., 169, Chief Justice Parsons says: " We distinguish between proper aggregate corporations and the inhabitants of any district who are by statute invested with particular powers without their consent. These are in the books sometimes called *quasi* corporations. Of this description are counties and hundreds in England; and counties, towns, etc., in this state. Although *quasi* corporations are liable to information or indictment for a neglect of public duty imposed on them by law, yet it is settled, in the case of *Russell et. al. v. Inhabitants of the County of Devon*, that no private action can be maintained against them for a breach of their corporate duty unless such action be given by statute." To the same effect see also *Mower v. Inhabitants of Leicester*, 9 Mass., 247. Angell & Ames on Corp., sec. 629, and note. *White v. City Council*, 2 Hill [S. C.], 571. *Ward v. The County of Hartford*, 12 Conn., 404. *Freeholders of Sussex County v. Strader*, 3 Harrison, 158. *Hedges v. County of Madison*, 1 Gilman, 567.

A county is a mere local subdivision of the state, created by it without the request or consent of the people residing therein. As was said in the case of *Commissioners of Hamilton County v. Mighels*, 7 Ohio State, 109: "A county organization is created almost exclusively with a view to the policy of the state at large, for purposes of political organization and civil administration, in matters of finance, of education, of provision for the poor, of military organization, of the means of travel and transport, and especially for the general administration of justice. With scarcely an exception all the powers and functions of the county organization have a direct and exclusive reference to the general policy of the state, and are in fact but a branch of the general administration of that policy." Counties were not liable at common law for injuries

caused in the manner set forth in the petition in this case, and our statute, in force at the time of the alleged injury, did not change the common law rule. The legislature undoubtedly possesses the power to make counties liable in cases of this kind, and some of the states have passed laws imposing such liability, but without such legislation we must adhere to the rule laid down in *Wehn v. Commissioners of Gage County*, 5 Neb., 494. The judgment of the district court is therefore affirmed. The costs, taxed in the court below at $32.35, appear to be exorbitant; but no objection is made on that ground. And in any event the proper remedy is a motion to re-tax. *Linton v. Housh*, 4 Kan., 536.