## WILLIAM HOPPER v. DOUGLAS COUNTY.

FILED DECEMBER 20, 1905.   No. 14,017.

1. **Counties: DIVERSION OF SURFACE WATER: LIABILITY.** A county is not liable in damages to an individual landholder for the negligent diversion of surface water in the improvement and construction, of its public highways.

2. ———: **NEGLIGENCE OF OFFICERS.** A county is not liable in damages for the negligent acts of its officers, unless made so by legislative enactment.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Jefferis, Howell & Shotwell,* for plaintiff in error.

*James P. English, W. W. Slabaugh* and *Charles E. Foster, contra.*

OLDHAM, C.

This was an action instituted by the plaintiff in error, a landowner in Douglas county, against the county for damages for the diversion of surface water by the negligent construction of a fill, or embankment, on a public road in said county adjacent to plaintiff's land. The petition alleges that, by reason of the raising of the embank-

ment without sufficient ditches and culverts, surface water, which otherwise would have flowed without obstruction from the land of the plaintiff, was dammed up and caused to remain and flow back upon the said lands to the plaintiff's damage in the amount sued for in the petition. Defendant county demurred to plaintiff's petition, and the demurrer was sustained by the trial court. The plaintiff refused to further plead, and his petition was dismissed. To reverse the judgment of the district court, plaintiff brings error to this court.

As stated in the brief of the plaintiff, there is but one question involved in this controversy, and that is: "Is a county liable in damages to an individual for injuries caused him in the construction and maintenance of highways, and ditches in connection therewith, because of diverted surface water?" It is conceded that this question has been specifically answered in the negative in the recent case of *Stocker v. Nemaha County*, 4 Neb. (Unof.) 230, but, as the opinion in that case was not officially reported, and as we are only bound by the conclusion there reached and not by the reasoning of the opinion, we are strongly urged not only to disapprove the line of reasoning on which the opinion is based, but also to repudiate the conclusion arrived at. The contention is that the conclusion reached in that case is in conflict with section 21, article I of the constitution. Now, in the case at bar, the petition charged negligence in the erection of the embankment on a public road, which turned back the surface water onto plaintiff's land by reason of the officers' failure to construct proper culverts through the embankment and proper ditches to carry away the surface water. If the agents of the county were guilty of actionable negligence in the construction of the road, they would, no doubt, be liable to plaintiff, individually, in an action for damages; or, if the agents of the county in the erection of an improvement on a public highway should carelessly obstruct the flow of surface water through a natural drainage basin, they might be prohibited by injunction from such

wrongful act; but a different rule would apply as to the liability of the county in an action at law against it.

It has been uniformly held by this court that a county is not liable for the negligent acts of its officers, unless made so by legislative enactment. See *Wehn v. Gage County*, 5 Neb. 494; *Woods v. Colfax County*, 10 Neb. 552; *Hollingsworth v. Saunders County*, 36 Neb. 141. This rule is grounded on the fact that a county is an arm of the sovereign state and cannot, as such, be sued by an individual, without express permission. We have no doubt that section 21, article I of the constitution, was and is self-executing, and that, under this section, it would require no legislation to prevent private property from being taken or damaged for public use without just compensation in the first instance. The only object of this section of the constitution is to stay the hand of the sovereign from the property of the individual until proper compensation has been made; and when this has been done, the whole object, intent, and purpose of the section has been accomplished. Plainly, there is no intention expressed in this section of the constitution to make the county liable to the individual in damages for the tortious acts of its officers; and, if any such right exists, it must be founded upon a statutory declaration thereof. And, as clearly pointed out in *Stocker v. Nemaha County*, *supra*, no such statute has ever been enacted.

We therefore conclude that the learned trial judge was fully warranted in sustaining the demurrer to the plaintiff's petition, and we recommend that the judgment be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.