GEORGE EWH, APPELLEE, v. OTOE COUNTY, APPELLANT.

FILED JUNE 5, 1915.   No. 18121.

Highways: ROADS ON COUNTY LINES: DAMAGES: LIABILITY OF COUNTIES. Where a public road is established and opened upon the line between two counties, part of such road having been established by each county, it is the duty of each to use reasonable diligence to keep such road in a reasonably safe condition for the use of the traveling public, and, for a failure to perform this duty, such counties are jointly and severally liable.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE.  *Affirmed.*

*W. F. Moran,* for appellant.

*Paul Jessen, contra.*

FAWCETT, J.

The petition alleges that plaintiff, while lawfully driving along a public highway dividing the counties of Otoe and Nemaha, without fault on his part, ran into an open ditch or hole in the highway, and thereby sustained an injury to himself and damage to his buggy; that the injury was wholly due to the negligence of the defendants in al-

lowing the highway to remain for a number of weeks in an unsafe and dangerous condition and without danger signals or barriers to warn travelers of such condition. The action was commenced in the district court for Otoe county against both counties. Nemaha county filed a special appearance, objecting to the jurisdiction of the court, on the ground that at the time the summons was issued and served upon it the statute of limitations had run in its favor. The special appearance was sustained and the action as to Nemaha county dismissed. Thereupon, the county of Otoe moved to dismiss as to it, for the reason that there was a misjoinder of parties defendant; that the special appearance by Nemaha county had resulted in its dismissal; and that both counties were jointly liable, if at all, and not severally liable. This motion being overruled, a demurrer, based upon the same ground, was filed and overruled. The answer set out the same grounds, and alleged contributory negligence on the part of plaintiff. The reply is a general denial. There was a trial to a jury, and a verdict for plaintiff for $1,000, upon which judgment was entered, and defendant appeals.

But one point is argued in the brief, viz., that under section 2995, Rev. St. 1913, adjoining counties, traversed by a public highway jointly constructed and maintained by such counties, are only liable jointly, and not severally, for damages to one who is injured by reason of the negligence of such counties in failing to keep the highway in a reasonably safe condition for travel. The rule is otherwise. *Bethel v. Pawnee County*, 95 Neb. 203. That case is decisive of this.

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.