MARY DAVIE, ADMINISTRATRIX, APPELLANT, V. DOUGLAS COUNTY, APPELLEE.

FILED JUNE 5, 1915.  No. 19053.

Counties: NEGLIGENCE OF EMPLOYEES: LIABILITY OF COUNTY. A county is an involuntary quasi-corporation, created by general laws to aid in the administration of the government, and is not liable for injury caused by the negligence of its employees engaged in the service of one of its public institutions.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Frank L. McCoy* and *Weaver & Giller,* for appellant.

*George A. Magney* and *Charles Haffke, contra.*

Davie v. Douglas County.

FAWCETT, J.

The petition alleges that George Davie, while employed in an annex to the main building of the Douglas county poorhouse, situate on the poor farm, through the negligence of the employees of the county charged with the management of the poorhouse and farm in furnishing him an unsafe and defective ladder upon which to stand while attempting to repair a leak in a steam pipe, suffered an injury from which ten days later he died. From a judgment of the district court for Douglas county, sustaining a general demurrer to the petition of plaintiff as administratrix of the estate of said George Davie, and dismissing her action, this appeal is prosecuted.

The contention of plaintiff is that a county is liable to its servants, injured by its negligence while at work for it under its orders, the same as any other master, and it is argued that this is especially so "when such work is the exercise by the county of a voluntary, private or ministerial act, as repairs upon its property which it owns, maintains and operates as its private property and for its private advantage, and is not a compulsory or governmental act for the state." *Burke v. City of South Omaha,* 79 Neb. 793; *Updike v. City of Omaha,* 87 Neb. 228; *Henry v. City of Lincoln,* 93 Neb. 331, and other cases are cited and quoted from to support plaintiff's contention. An examination of those cases, all of which were actions against cities, will show that they have no application to the case at bar. The case of a county purchasing a poor farm and maintaining a home for the indigent poor thereon is an entirely different matter. In 11 Cyc. 498d, the general rule is stated thus: "The general rule of law that the superior or employer must answer civilly for the negligence or want of skill of his agent or servant in the course or line of his employment, by which another is injured, does not apply to counties. Counties are usually held to be involuntary quasi-corporations, merely political or civil divisions of the state, created by general laws to aid in the administration of the government. The statutes prescribe all the duties which counties owe, and impose all the

liabilities to which they are subject." This rule is fully
sustained in *Symonds v. Board of Supervisors*, 71 Ill. 355;
*Hughes v. Monroe County*, 147 N. Y. 49; *Hollenbeck v.
Winnebago County*, 95 Ill. 148; and *McAndrews v. Ham-
ilton County*, 105 Tenn. 399, which holds: "A county is
not liable for injury caused by the negligent discharge of
duty by one of its employees engaged in the service of one
of its public institutions—e. g., a house of correction and
reformation for the young—although the statute that au-
thorized did not make compulsory, but left optional with
the county, the establishment and maintenance of such in-
stitution, and regardless of the fact that the institution
may yield an income that supports it, or may yield more
or less than that, or nothing at all"—and cites numerous
authorities to sustain its holding. The rule meets with
our entire approval. By section 5797, Rev. St. 1913, the
duty is cast upon every county to provide for its poor.
The method which it will adopt in making such provision
is optional with the county. Where the cases are not
numerous they can be taken care of by the overseers of
poor. In more populous counties, and particularly in
counties within which are located large cities, where the
poor are more numerous, it is the opinion of the writer
that ordinary business prudence would dictate the pur-
chase of a poor farm and the housing of all of its members
in suitable buildings erected upon the farm, and the utiliz-
ing by the county of such services as the inmates may be
able to render in the poorhouse and upon its farm, thus
minimizing, as far as possible, the expense of the county.
The fact that a county may adopt this method of caring
for its poor does not constitute such method a private en-
terprise within the meaning of the rule announced in
*Henry v. City of Lincoln, supra,* and other cases.

AFFIRMED.

LETTON, ROSE and HAMER, JJ., not sitting.