THOMAS F. SWIFT, APPELLANT, v. SARPY COUNTY, APPELLEE.

FILED APRIL 12, 1918. No. 20205.

Parties: ACTION FOR DEATH. An action against a county for damages resulting from the death of an individual caused by the negligence of the county in failing to maintain its highway as the law requires must be brought in the name of the administrator of the estate of the person whose death was so caused.

APPEAL from the district court for Sarpy county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*Mahoney, Kennedy, Holland & Horan,* for appellant.

*Matthew Gering, E. S. Nickerson, W. R. Patrick* and *E. H. McCarthy,* contra.

SEDGWICK, J.

The plaintiff and his wife, Mary Swift, and four other persons, were driving in an automobile along a highway in Sarpy county, Nebraska. This highway terminated very abruptly at the bank of the Missouri river. The surface of the road, as plaintiff alleges, continued unbroken except for marks of travel. to the point where it suddenly ended in the river. The plaintiff further alleges that the condition was well known to the county authorities, and that there was no warning of any kind to indicate the dangerous situation. The automobile plunged into the river, and all the occupants were drowned except the plaintiff. The plaintiff, as husband of the deceased, brings this action to recover damages for the death of his wife, the said Mary Swift. The defendant county interposed a demurrer, contending that the action should have been brought in the name of the administrator, instead of the husband of deceased. The demurrer was sustained by the trial court and the action was dismissed. From that judgment the plaintiff has appealed.

1. The question depends upon the construction of the statutes. About 30 years ago our legislature enacted a statute making counties liable for damage caused by its negligence in repairing highways or bridges: "If special damage happens to any person, his team, carriage or other property by means of insufficiency, or want of repairs of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county." Rev. St. 1913, sec. 2995. In such case the damages are of two kinds, general and special. General damages that the public suffers by reason of the imperfect highways, loss of time in traveling over them, and additional expense connected with it are not recoverable. No damages are recoverable that are general and are sustained by the public in general. All other damages are special damages, and if they happen to any person—that is, if any person suffers any damage that is peculiar to him, and not the same as the public in general suffers—he may recover it against the county. Before this statute was enacted it was uniformly held that the county was not liable in the absence of statute, but after the statute was enacted any one who suffered any damages that were not general to the public could recover them.

2. At the old common law a person could recover against carriers or individuals such damages as he might suffer by reason of negligence, unless the damages he sustained resulted from the death of some individual. If a man was killed and his wife and children were robbed of their means of support there was no remedy. This anomaly of the law was remedied by special legislation in England at an early date, and afterwards was remedied in this state by the act of 1873, which provided: "Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person, company or corporation, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action

and recover damages, in respect thereof," then the person, company or corporation "shall be liable to an action for damages." Rev. St. 1913, sec. 1428. The legislature intended to provide for all cases where death was caused by negligence and some party was damaged thereby. If it had been suggested in the legislature to make the language as comprehensive as possible, so that it would cover all cases of damage, it is difficult to say what more general words would probably have been used than "any person, company or corporation." There was no reason why it should not apply to all cases where damages were caused by the death, and it is difficult to say what change would be made in order to make it more certain that that was intended. This statute provided that all such actions should be brought in the name of the personal representative of the deceased person. Rev. St. 1913, sec. 1429. The reason of this provision is that, in case a man is killed, ordinarily there would be a widow and perhaps several children that would be damaged, and to bring an action in the name of each one of them would be unnecessarily multiplying lawsuits. When damage results from the death of an individual this statute applies, and requires that an action for negligently causing such death shall be brought in the name of the administrator of the deceased individual. *Seyfer v. Otoe County*, 66 Neb. 566, was an action against the county, and was brought in the name of the administrator of the estate of the deceased, and no objection was made to the bringing of the action in the name of the administrator, evidently because that question was plain and had been set at rest by other cases. The brief cites *Johnson County v. Carmen*, 71 Neb. 682; *Lyons v. Greeley County*, 95 Neb. 104; and *Bethel v. Pawnee County*, 95 Neb. 203.

By the express language of the statute, a county is not liable unless it is its duty to maintain roads and highways, so that when a county is under township organization, and that duty devolves upon the town-

ship, of course no action could be brought against the county. Any other holding would be a very technical attempt to evade the spirit and intention of the statute. Such actions must be brought in the name of the administrator of the estate of the deceased.

The demurrer to the petition was properly sustained, and the judgment of the district court is

AFFIRMED.

HAMER, J., dissenting.

I am unable to agree with the majority opinion. On the night of July 30, 1916, plaintiff and his wife, Mary Swift, and four other persons, were driving eastward in an automobile along the highway in Sarpy county, Nebraska. This highway terminated very abruptly at its eastern end, which is within said county, at the bank of the Missouri river. The surface of the road, as plaintiff alleges, continued unbroken except for marks of travel to the point where it suddenly ended in the river. The plaintiff further alleges that the condition was well known to the county authorities, and that there was no warning of any kind to indicate the dangerous situation. The automobile upon reaching the point above referred to plunged into the river, and all the occupants were drowned except the plaintiff. The plaintiff, as husband of deceased, brought this action to recover damages for the death of his wife, the said Mary Swift. The defendant county interposed a demurrer to the petition, raising the point that the action should have been brought in the name of the administrator instead of the husband of the deceased. It was alleged in the demurrer that the plaintiff had not the legal capacity to sue, had no authority in law to maintain the action, and that the petition did not state sufficient facts to constitute a cause of action. The demurrer was sustained by the trial court and the action was dismissed. From that judgment the plaintiff appealed.

The case calls attention to the act of 1873, commonly known as Lord Campbell's act, and also requires a construction of the statute of 1889 making counties

liable for negligence in failing to keep their highways in proper repair. Counsel for the defendant county contends that the act of 1873, called Lord Campbell's act, and the statute of 1889 making counties liable for injuries to persons on highways, are separate and distinct; that they are not in *pari materia* and should not be taken as one enactment. It is contended that the former provides for an action by the administrator of a deceased person, while the other authorizes one who is damaged by reason of the negligence of a county in failing to properly maintain its highways to maintain an action for the damage which he has sustained.

I think the majority opinion disregards the statute itself and also the prior decisions of this court. The legislature of the state in 1889 enacted a law relating to highways and bridges and liabilities of counties for not keeping the same in repair. Laws 1889, ch. 7, sec. 4 (Rev. St. 1913, sec. 2995). The section reads: "If special damage happens to any person, his team, carriage or other property by means of insufficiency, or want of repairs of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county: * * * Provided, however, that such action is commenced within thirty days of the time of the injury or damage occurring." I desire to ask the members of this court who voted for the majority opinion whether there was any statute of this state that authorized the bringing of an action against a county for not keeping its roads in repair prior to this statute. I think no one of the court will have the temerity to say that such right existed prior to the statute which we have cited and quoted. The foregoing statute is construed in *Hollingsworth v. Saunders County,* 36 Neb. 141. It is there said: "Again, we conclude that the statute of 1889, which imposed a liability upon counties for damages resulting from the failure to keep roads and bridges in repair, authorized

the bringing an original suit in any court of competent jurisdiction to recover such damages.'' I do not see why the foregoing statute and the foregoing decision should leave any doubt on the question that such an action can be brought. Perhaps it should be remembered that there is no statute so plain and no decision under it that may not be disregarded.

In *Bryant v. Dakota County,* 53 Neb. 755, this act of the legislature was under discussion. The court said: ''The act is designated as 'An act relating to highways and bridges and liabilities of counties for not keeping the same in repair.' Prior to the adoption of this piece of legislation there existed in this state no right of action against a county for the recovery of damages resulting from defective highways or bridges (*Woods v. Colfax County,* 10 Neb. 552), while by the law under consideration the authority to bring such a suit was granted (*Hollingsworth v. Saunders County,* 36 Neb. 141; *Raasch v. Dodge County,* 43 Neb. 508).''

It is contended that Lord Campbell's act, passed by the legislature of 1873, and the act of 1889 relating to highways and bridges, and the liability of counties for keeping the same in repair, are to be considered together and as parts of the same legislation. I do not think so. Under the statute of 1889 the action is to be brought by ''the person sustaining the damage.'' That is not in Lord Campbell's act. *Murphy v. Willow Springs Brewing Co.,* 81 Neb. 223. By the act of 1889 the only liability of a county is for ''special damage * * * to any person, his team, carriage or other property.'' A county is an agent of the state. It owes no duty to the public except such as is imposed by law. Unless a right of action is expressly given by statute a county is not liable. *Crowell v. Sonoma County,* 25 Cal. 313; *Madden v. Lancaster County,* 65 Fed. 188.

In *Hopper v. Douglas County,* 75 Neb. 331, it was said: ''It has been uniformly held by this court that a county is not liable for the negligent acts of its officers,

unless made so by legislative enactment. * * * This rule is grounded on the fact that a county is an arm of the sovereign state and cannot, as such, be sued by an individual, without express permission."

In *Rex v. Robinson,* 2 Burr. (Eng.) 799, 803, announcing the English rule, Lord Mansfield said: "The rule is certain 'that where a statute creates a new offense, by prohibiting and making unlawful anything which was lawful before, and appoints a specific remedy against such new offense (not antecedently unlawful), by a particular sanction and particular method of proceeding, that particular method of proceeding must be pursued, and no other.'"

In *Storms v. Stevens,* 104 Ind. 46, the court said: "Where a statute creates a new right and prescribes a mode of enforcing it, that mode must be pursued to the exclusion of all other remedies. Such has been the settled law in this state for more than 60 years, and such is the law elsewhere."

In *Wilson v. Ulysses Township,* 72 Neb. 807, 814, this court said: "In this state the rule of the common law has been adopted, and counties being only quasi-corporations are held not liable to parties injured by defects in highways. * * * By the enactment of the law of 1889, * * * which provides that, under certain circumstances and for a limited period after the injury is sustained, an action may be maintained against the county for such injury, the rule has been changed to a limited degree only, and, unless a party injured brings himself strictly within the letter of the statute, the common-law rule still applies."

Lord Campbell's act was never intended to apply to a county. By specific language it was made to apply "whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person, company or corporation, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and to recover damages, in respect thereof." A county is not a

person; neither is a corporation. Neither was Lord Campbell's act intended to apply to an injury of the kind alleged in the petition. It is not made to apply to the condition of roads and bridges. The act of 1889, under which this action is brought, does not contemplate the bringing of an action by an administrator of an estate. It is to be brought by the person sustaining the damage. It would seem that the act of 1889, being in derogation of the common law, for the reason that it created a liability where none existed, should be strictly construed, and the remedy given in that act is exclusive. It must be brought by "the person sustaining the damage." Tom Swift is such person.

In *Goes v. Gage County*, 67 Neb. 616, this court held that the statute must be strictly construed, and that after a county had adopted township organization, and was therefore not required to maintain and repair the highways and bridges, it being the duty of the several townships to keep the roads in repair, therefore the county would not be liable. It can readily be seen that Lord Campbell's act did not include counties, and did not refer to roads and bridges, was a separate and independent act, and that the legislation of 1889 was in no way connected with it. The act of 1889, being complete in itself, cannot be considered in *pari materia* as to Lord Campbell's act. *State v. Cornell*, 50 Neb. 526; *Bryant v. Dakota County*, 53 Neb. 755; *Swaney v. Gage County*, 64 Neb. 627.

A county is not liable, except it is made so by the statute. *Wehn v. Commissioners of Gage County*, 5 Neb. 494; *Woods v. Colfax County*, 10 Neb. 552. In the latter case it was held: "A county is not liable in damages at common law, or under the Revised Statute of 1866, for injuries caused by the breaking down of a public bridge, which was caused by the negligence of the county commissioners." In the opinion it is said: "The question presented is, whether the

county is liable for the neglect of the county commissioners in failing to keep a public bridge in a safe condition. If the negligence complained of in the petition and consequent injury to the plaintiff had been occasioned by a natural person or a municipal corporation proper, the right to recover would be unquestioned." It is then held that the county is not a municipal corporation, and many authorities are cited.

In *McClay v. City of Lincoln*, 32 Neb. 412, this court quoted with approval the language of the supreme court in *Commissioners of Hamilton County v. Mighels*, 7 Ohio St. 109: "A county organization is created almost exclusively with a view to the policy of the state at large, for purposes of political organization and civil administration, in matters of finance, of education, of provision for the poor, of military organization, of the means of travel and transport, and especially for the general administration of justice. With scarcely an exception, all the powers and functions of the county organization have a direct and exclusive reference to the general policy of the state, and are, in fact, but a branch of the general administration of that policy." In that case it was held that a county could not be held liable for negligence, unless there was some special act fixing the liability of that kind on the county.

I think I may say without fear of successful contradiction that a county is a quasi-public corporation, and is an agent of the state, owing no duty to the public or to individuals, except such as may be imposed by legislative enactment.