DAWSON COUNTY IRRIGATION COMPANY, APPELLANT, v. DAW-
SON COUNTY, APPELLEE.

FILED JULY 16, 1919.   No. 20507.

1. **Trial: INSTRUCTIONS: BURDEN OF PROOF.** Plaintiff's petition asked
damages from the defendant county for the wrongful removal
of certain specified bridges, 19 in number. The answer contained
a general denial, and alleged that on account of the bridges being
out of repair and dangerous to public travel, and the plaintiff
having consented thereto, it "became necessary for the defendant
and its county commissioners to remove certain of said bridges."
*Held*, error to instruct the jury that the burden was upon plain-
tiff to show removal by the defendant.

2. ———: **STATEMENT OF ISSUES.** The trial judge's statement of the
issues to the jury should state the issues as the case is being
finally presented to the jury on the pleadings and the evidence
adduced.

APPEAL from the district court for Dawson county:
HANSON M. GRIMES, JUDGE. *Reversed.*

*W. A. Stewart, T. M. Hewitt, E. A. Cook* and *W. M.
Cook,* for appellant.

*N. M. York, D. H. Moulds* and *H. D. Rhea, contra.*

CORNISH, J.

The plaintiff, an irrigation company, with bridges and
ditches on and across the public highway, defeated in its
action against the county for wrongfully removing and
carrying away its bridges and filling up its ditches, and
laying its defeat to the error of the court, appeals.

Defendant's answer contained a general denial, and
alleged, by way of defense, that the bridges were old,
rotten, out of repair, dangerous, and abandoned, and
that, in order to make the highways safe for travel,
plaintiff having failed, after notice and request, to re-
pair them, and having consented to their removal, "it
thereby became necessary for the defendant and its

county commissioners to remove certain of said bridges * * * and to fill said ditches where said bridges had been.''

In the trial court's instructions the plaintiff was given the burden of proving that the county removed the bridges, and no burden was placed upon defendant to prove the allegations of its answer, denied by plaintiff, although the evidence was conflicting. This is complained of as error, and we think it was. The defendant's answer, as quoted above, fairly interpreted, amounts to an admission that it removed the bridges and filled the ditches, especially so when the record shows no attempt by the defendant to specify the bridges removed or not removed by it. The jury should also have been instructed that the burden of proof was upon the defendant to prove its affirmative defenses alleged.

The plaintiff in its petition alleged its damages to be $4,081.48, the amount it cost the company to put in new bridges and remove the dirt from the ditches. When it offered proof, the court sustained objection to the evidence as not showing the right measure of damages, holding, we think rightly, that the true measure is the value of the bridges at the time of removal, together with the reasonable cost of removing the dirt. In other words, it would be the reduced value of the irrigation system, as it stood, by reason of the wrongful act. The plaintiff then offered evidence in accordance with the court's ruling. The court, however, in its statement of issues to the jury, erroneously included the 4 1/2 pages of plaintiff's petition giving the items of cost of new bridges, no evidence of which was before the jury. The error in this respect was in part corrected by instruction No. 8, on measure of damages.

The court instructed the jury that it was the duty of plaintiff to build its bridges ''in accordance with the plans and specifications of the county board.'' The instruction refers to a statute passed after the construction of the bridges in controversy and was inapplicable to the issues.

The plaintiff's petition alleged that Breymann, administrator, who owned the property when the cause of action arose, assigned his cause of action to the plaintiff. In the statement of the issues to the jury this allegation should have been, but was not included as one of the facts to be shown by the plaintiff.

If the owners of an irrigation system should finally abandon it for irrigation purposes, it would be their duty to remove their bridges and restore the highway to its former condition. Failure to do so within a reasonable time would constitute their bridges an obstruction upon the public highway, in which case the public authorities could remove the obstruction, being liable to the owners for only the value of the material, less the expenses of removal and the filling in of the ditches. Mere delay, however, in repairing, while endeavoring to find a purchaser for the property, would not ordinarily constitute such an abandonment, unless the circumstances were such as would lead reasonable men to believe that the property had been finally abandoned for irrigation purposes.

As the law was when these bridges were constructed, the duty was upon the irrigation system to keep the bridges in repair and safe for travel. If the bridges, not having been abandoned by the owners, were permitted by them to become out of repair and dangerous for public use, then the county could do whatever would be reasonably necessary to protect the public from danger. In such case it may repair at once if an emergency exists; otherwise, it should give the owner reasonable notice to repair the bridges, and, on the owner's failure to repair them, take such action as is necessary, doing the owner as little damage as need be. If the bridges had become so old and rotten that attempts at repair would be useless, or if the irrigation company persisted in maintaining its bridges in an unrepaired and dangerous condition, then the rights of the county and the public could be protected by a mandamus action requiring the

owner to repair the bridges on penalty, if it did not do so, of having them removed and the highway made in safe condition at the owner's expense. If the county, in such case, should remove the bridges without notice or legal action, it would be a wrongful act.

For the reasons above shown, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

MORRISSEY, C. J., and ROSE, J., not sitting.