DAWSON COUNTY IRRIGATION COMPANY, APPELLANT, v. DAWSON COUNTY, APPELLEE.

FILED JUNE 23, 1921. No. 21937.

1. **Waters: IRRIGATION SYSTEM: ABANDONMENT.** Under the evidence, facts and circumstances disclosed by the record, *held* that the finding of the trial court that the irrigation system and bridges in question had been abandoned by the owner, before the commission of the acts complained of, is sustained.

2. **Counties: LIABILITY.** Counties are not liable to individuals for

damages sustained through the negligent or tortious acts of their officers in the discharge of their official duties, in the absence of a statute creating such liability.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*W. A. Stewart, T. M. Hewitt* and *Cook & Cook,* for appellant.

*N. M. York* and *D. H. Moulds, contra.*

Heard before LETTON, DAY and DEAN, JJ., CLEMENTS and MORNING, District Judges.

MORNING, District Judge.

The plaintiff, an irrigation company, sued Dawson county for damages for wrongfully removing and destroying certain of its bridges and filling up its ditches while repairing public roads. This is the second appearance of the case in this court. The former opinion of this court (*Dawson County Irrigation Co. v. Dawson County,* 103 Neb. 692) is here referred to for a more detailed statement of the facts. Upon a retrial of the case in the court below, a jury being waived, the court found for defendant and dismissed the action, and plaintiff again appeals to this court.

One of the defenses presented by the answer is that the irrigation system and the bridges in question had been wholly abandoned, and that the bridges had become rotten, worthless, and dangerous to public travel. In our former opinion in this case, on the first appeal, this court said: "Mere delay, however, in repairing, while endeavoring to find a purchaser for the property, would not ordinarily constitute such an abandonment, unless the circumstances were such as would lead reasonable men to believe that the property had been finally abandoned for irrigation purposes."

At the last trial the court found as follows on the subject of abandonment: "Farmers living along the ditch and some of the laterals operated the ditch and laterals,

to a limited extent, for their own private use. The owner, seemingly having abandoned the operation of the system, and seemingly only holding the system until such time as he could find a purchaser, certainly by such acts abandoned the operation of the system. That he kept no manager to look after it, had no one to look after the headgate, to make any repairs, or to see to the carrying of water in the ditch or any of its laterals, or to see that the water-users had an opportunity to receive the water to which they were entitled, are all circumstances, which lead me to believe, and such as would lead reasonable men to believe, that the property was abandoned for irrigation purposes."

We think the evidence in the record sufficient to sustain the foregoing finding of the trial court, and that the abandonment as found would, in itself, constitute a complete defense to this action.

It is urged by appellee that, in no event, can the county be held liable in damages for the alleged wrongful acts complained of, and that, for this reason, the petition does not state a cause of action. This point was presented by a general demurrer to the petition contained in the answer of defendant and it is insisted upon here. We think this contention is sound. Counties are not liable in damages resulting from the negligent or tortious acts of their officers in the discharge of their official duties, in the absence of a statute creating such liability.

See 11 Cyc. 492; *Wehn v. Commissioners of Gage County,* 5 Neb. 494; *Woods v. Colfax County,* 10 Neb. 552; *Stocker v. Nemaha County,* 4 Neb. (Unof.) 230; *Hollingsworth v. Saunders County,* 36 Neb. 141; *Madden v. Lancaster County,* 65 Fed. 188; *Hopper v. Douglas County,* 75 Neb. 329; *Davie v. Douglas County,* 98 Neb. 479; *Symonds v. Board of Supervisors,* 71 Ill. 355; *Hughes v. Monroe County,* 147 N. Y. 49; *Hollenbeck v. Winnebago County,* 95 Ill. 148; *McAndrews v. Hamilton County,* 105 Tenn. 399; *Kincaid v. Hardin County,* 53 Ia. 430; *Lindley v. Polk County,* 84 Ia. 308; *Webster v. Hillsdale*

*County,* 99 Mich. 259; *Wenck v. Carroll County,* 104 Ia. 558.

Our attention has been called to no statute in this state creating liability against counties for injuries of the character here complained of, and we have found none.

It follows that the judgment of the lower court is right and should be affirmed.

AFFIRMED.