For the reasons stated, the judgment of the district court is

AFFIRMED.

STATE, EX REL. JAMES B. PIERCEY ET AL., APPELLANTS, V. FRANK STEFFEN ET AL., APPELLEES.

FILED APRIL 10, 1931. NO. 27626.

*Perrin & Kier*, for appellants.

*Stanley A. Matzke, Thomas & Vail* and *C. F. Barth*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

This is a mandamus suit against a county board of supervisors to compel maintenance of a road. The district court ultimately refused the peremptory writ and relators appealed.

The petition, filed on June 25, 1927, alleged that a certain described road had for several years been designated and maintained, under the provisions of what is now section 39-227, Comp. St. 1929, as a part of the highway system of Seward county. The road was alleged to be a "county road, having been designated as a part of the

county highway system and said road being a direct highway leading to and from a rural school where ten or more grades are being taught and being a highway connecting cities, villages and market centers and a main traveled road," as under what is now section 39-229, Comp. St. 1929; and it was averred that the road must be maintained at the expense of the county under the mandate of the last named section, which says: "All county roads designated in accordance with the preceding sections of this act shall be maintained at the expense of the county." The relators alleged that for several years after the establishment of the road the county maintained it but that since about June 1, 1926, the respondents have refused to maintain it. The prayer was for a writ, commanding the respondents to maintain the road as a county road at county expense. An alternative writ was issued by the district court. Respondents filed their return to the writ, denying each and every allegation thereof. A hearing was had. The bill of exceptions does not contain the evidence on that hearing. The court took the matter under advisement until February 27, 1928, when it filed a memorandum opinion and a decree, shown in the transcript.

The decree found that the road "is a public road in Seward county, Nebraska, with which the county board of supervisors of Seward county, Nebraska, have the duty and liability imposed by law of control, supervision, maintenance and keeping in repair. The court further finds that the county board of supervisors in good faith, but under a misunderstanding of the road statutes of Nebraska, have, since June, 1926, failed to assume the duties and liabilities imposed by law in respect to said road, claiming the township had complete control of the same."

Thereupon the court ordered and decreed that the board had the duty and liability imposed by law of the control, supervision, maintenance and keeping in repair of the road described. The court did not order the writ issued, but further ordered, upon motion and showing that the county board "have failed to comply with this decree, that the writ issue directing compliance herewith." The respond-

ents filed a motion for a new trial, which was overruled. They did not appeal. The relators evidently were satisfied with the order directing the county board to maintain the road.

On October 16, 1928, the relators filed a motion alleging that the county board had failed to comply with the decree of February 27, 1928, and moving for the issuance of the peremptory writ in accordance with the decretal order. A hearing was had, evidence was taken in the form of oral evidence and of affidavits, and, on April 5, 1930, the court entered a final order overruling the motion. The court found, "as in the decree filed herein February 27, 1928, that the road in question is a public road in Seward county, Nebraska, with which the county board of supervisors of Seward county, Nebraska, have the duty and liability imposed by law of control, supervision, maintenance and keeping in repair, and that the said board has assumed that duty in good faith. The court further finds that the said county board, as shown by the evidence, has not failed to comply with said decree and that the motion should be overruled." The appeal by relators is from this final order, which overruled the motion of relators for the issuance of the peremptory writ. The bill of exceptions contains only the evidence given on the hearing on the motion. The respondents have not cross-appealed.

This was the first final order in the case from which an appeal need be taken by the relators; the court had not yet finally allowed or denied the writ prayed for, nor had the case been dismissed. *State v. Higby,* 60 Neb. 765.

The memorandum opinion of the district court says: "We do not deem that it is necessary in the instant case to pass on the question of whether the road in controversy is a county road or not. It is a public road of which the county has the responsibility of maintenance." The original decree and the final order, while describing the road as a public road, fixed upon the county the duty of maintaining and keeping it in repair. Such a duty is attributable to a county in its relation to a county road. As to township, precinct, or district roads, the county board,

through its county highway commissioner, has control, government and supervision because they too are public roads. Comp. St. 1929, sec. 39-1302. But it is not required to maintain these roads at county expense. It is merely required to see that the roads under the jurisdiction of these smaller political units are maintained and repaired. The orders themselves are ambiguous as is the memorandum opinion. They are not certainly and definitely responsive to the issues made by the pleadings. The question at issue was whether the road was a county road, to be maintained by the county at county expense. All highways are public roads. A county road is a public road, but a public road is not necessarily a county road. Yet the decree found and ordered the county to maintain and repair this public road as if it were a county road, whereas the opinion indicates that the court was not passing on that question; and a perusal of the evidence shown in the bill of exceptions indicates that the county is not maintaining the road but is merely exercising some supervision and inspection of the road as maintained by the smaller governmental unit.

We find ourselves unable to determine from the record whether the county should maintain this particular road or whether its duty is discharged by seeing that it is maintained. That depends entirely on the conclusion of fact as to whether this is a county road. We think the district court should have decided that point.

We therefore reverse the judgment of the district court and remand the cause, with directions to take evidence and determine whether the road is a county road within the meaning of section 39-229, Comp. St. 1929, and preceding sections. To save time and expense the court will, of course, exercise his discretion to permit the parties to consider the evidence heretofore taken on the subject as if taken anew and thus made available for consideration of the district court and for review on appeal, if any.

REVERSED.