VERNE CROMWELL, APPELLANT, V. FILLMORE COUNTY, APPELLEE.

FILED DECEMBER 16, 1931. No. 27947.

*Waring & Waring,* for appellant.

*Thomas J. Keenan* and *J. W. Hammond, contra.*

Heard before ROSE, GOOD, PAINE and DAY, JJ., and BEGLEY, District Judge.

BEGLEY, District Judge.

Action to recover damages alleged to have been sustained by reason of the insufficiency and want of repair of a public highway. At the conclusion of plaintiff's evidence, on motion of the defendant, the court directed a verdict for defendant, and plaintiff has appealed. The parties will be designated as plaintiff and defendant as they appeared below.

The place of the accident is located at the foot of a hill where the highway is crossed by a creek over which is built a culvert and the roadway raised or filled to a height of eight or nine feet. More than a week prior to the date of the accident, a storm had washed a ditch across the fill at the point where the culvert was erected, some six or eight feet deep and about three feet wide, and also washed large circular holes from six to eight feet deep south of the culvert, which holes extended into the main portion of the highway. Prior to the accident, the county had attempted to fill the ditch that extended across the road with loose dirt, which in the course of time settled, leaving several deep chuck-holes or ruts, eight to ten inches deep, and extending practically across the highway. However, the county did nothing toward filling the holes in the side of the road and which extended into the traveled portion.

On August 28, 1930, about seven p. m., the plaintiff was traveling on this highway from the north in his automobile, at a rate of speed of about twenty to twenty-five miles an hour, with his lights on, and when within about eight to ten feet of the same, he observed some deep ruts which

threw him to the east, and in order to avoid the large holes which had been washed in the side of the road he jerked his car to the west and upset, and was severely injured. Plaintiff testified that his lights were bright and that he was keeping a lookout ahead, but that in driving down the hill his lights didn't throw their rays down the highway as they would on a level, and just as he came onto the level and when within about eight or ten feet of the ruts, his lights disclosed same; that he put on his brakes, but it was too late to avoid the accident; that there were no lights or warning signals anywhere in the road to warn him of the defect. We think there is sufficient evidence to carry the question as to the insufficiency or want of repair of the highway to the jury.

Plaintiff also offered to show by the evidence that, previous to the accident in question, another accident had occurred at this point and a claim for damages had been filed with the county commissioners. This was excluded by the trial court. This evidence should have been admitted to show constructive notice to the board of county commissioners. 65 A. L. R. 397, note.

The defendant, however, argues that plaintiff cannot recover because he was driving his automobile at a speed which prevented stopping within the length of his vision and therefore was guilty of contributory negligence. This is a hard and fast rule, and there is considerable division in the opinions of the courts regarding it. The cases are annotated and commented on in notes in 44 A. L. R. 1403, and 58 A. L. R. 1493. In the case of *Tutsch v. Omaha Structural Steel Works,* 110 Neb. 585, this question was before this court and the court refused to apply the rule contended for in all its strictness and held: "In determining whether or not plaintiff acted as a reasonably prudent man, there must be considered the surrounding conditions, such as the darkness of the morning, the uncertainties of artificial light, the suddenness with which the danger confronted him, the quality of the danger, the absence of the red light which might have better prepared him to meet

the danger," etc. In the case of *Roth v. Blomquist*, 117 Neb. 444, this court said that this was the general rule, but that there are recognized exceptions or instances to which it does not apply, among them, an unbarricaded, unknown, open, unlighted ditch across a highway that could only be seen at close range and not anticipated.

In the case of *Axelson v. Jardine*, 57 N. Dak. 524, 535, on petition for rehearing the court in discussing this proposition said:

"The rule contended for by appellant does not apply in this case for the reason that the driver could have stopped the car within the distance he could see, and the question of whether the plaintiff was negligent or not in not stopping the car when he could have stopped it within the distance he could see was for the jury under the facts and circumstances.

"It is negligence to drive a car so fast that you cannot stop it within the distance you can see. It is the reckless speed that makes the negligence. That element is absent in this case and the rule does not apply. A case very much in point is the case of *Tutsch v. Omaha Structural Steel Works*, 110 Neb. 585."

In this case it is not the negligent speed at which the plaintiff's car was driven that prevented him from stopping within the range of his headlights, but it was rather his inability to see the ruts in the road in time to stop his car. In the case of *Roth v. Blomquist, supra*, the facts showed that the plaintiff's automobile collided with a team and wagon crossing the highway at right angles and same should have been anticipated. In that case the team and wagon were rightfully upon the highway, while in this case the county was negligent in not placing the highway in proper repair. Thus each case must be considered in the light of its own peculiar state of facts and circumstances. After all, the test is, what would an ordinarily prudent person have done under the circumstances as they then appeared to exist. Plaintiff had the right to assume, in the absence of notice to the contrary, that defendant

would keep its highway in a reasonably safe state of repair, or that it would give the public proper warning of any defect in the highway. The plaintiff testified that, on account of the topography of the ground in coming down the hill, his lights did not throw their rays down on the culvert and that he was unable to see these ruts or depressions until too late to avoid running into them.

We think that plaintiff's testimony presented questions of fact that should have been submitted to the jury and that the court erred in directing a verdict for the defendant.

REVERSED AND REMANDED.