RUTH STITZEL, APPELLEE, v. HITCHCOCK ·COUNTY, APPELLANT: HAYES COUNTY, APPELLEE.

298 N. W. 555

FILED JUNE 6, 1941. No. 31053.

*J. F. Ratcliff*, for appellant.

*Gerald G. Lefler, Butler, James & McCarl* and *Cordeal, Colfer & Russell, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and KROGER and ELLIS, District Judges.

YEAGER, J.

This is an action for damages in two causes instituted by plaintiff, appellee herein, against Hitchcock county, defendant and appellant herein, and Hayes county, also a defendant, and denominated herein, cross-appellant.

For her first cause of action, plaintiff, a married woman and the wife of John Stitzel,. states that she was, on September 10, 1938, at about 8:30 p. m., a passenger in an automobile being operated at the time by one Floyd Hall in a westerly direction on the county line between Hayes county and Hitchcock county. She charges that the automobile in which she was riding was driven into a hole or washout, and that as a result she sustained personal injuries. As ground of liability on the part of the defendants, she charges the following:

"There is a certain public road on the line between Hitchcock and Hayes counties, Nebraska, which runs east and west between township four (4), range thirty-one (31), of Hitchcock county, and township five (5), range thirty-one (31), of Hayes county, which road was maintained by each of said counties. * * * That the view of said washed out road was obstructed by reason of the hill hereinbefore mentioned and said hole was not visible until within a few feet of the same; that said automobile went into said hole in the road and as a result thereof the plaintiff was injured in the following particulars: * * * The defendants, through its agents, servants and employees, had notice and knowledge of the existence of said washout and hole and wilfully and negligently did neglect to repair the same but left said excavation open for an unreasonable length of time and

did thereby, through omission of its servants, agents and employees, wilfully and negligently permit said highway to remain in such a condition to render it unsafe for travelers using said highway and negligently omitted to provide barricades or any form or kind of warning to apprise travelers on said highway of the existence of said hole."

The second cause of action was that of the husband for loss of services, which cause had been duly assigned to the plaintiff.

To the petition on which the case was tried the defendants demurred separately, which demurrers were overruled. Following the ruling on the demurrers, the defendants filed answers. In their answers the defendants, after admitting certain allegations of the petition not necessary to be set forth here, denied generally the remaining allegations of the petition, and pleaded that plaintiff and Floyd Hall were guilty of contributory negligence. To the answers of defendants, the plaintiff filed a reply in which she denied the allegations of new matter contained in the answers.

The jury returned a verdict in favor of plaintiff for $1,300 on her first cause of action, and $497 on the second. Judgment was rendered accordingly.

For the first assignment of error, the defendants urge that the general demurrer to the petition on which the case was tried should have been sustained for the reason that the petition does not state facts sufficient to constitute a cause of action.

The case is presented on appeal to this court without a bill of exceptions.

In a case coming to this court on appeal without a bill of exceptions, the pleadings must be sufficient to support the judgment; otherwise, it will be reversed. *Kerr v. Adams County*, 96 Neb. 178, 147 N. W. 683; *Doon v. Adcock*, 127 Neb. 335, 255 N. W. 548; *Plantz v. Peony Park*, 129 Neb. 338, 261 N. W. 826; *Slosburg v. Hunter*, 132 Neb. 529, 272 N. W. 571; *Federal Farm Mtg. Corporation v. Hughes*, 137 Neb. 820, 291 N. W. 475. It may be stated here that the defendants, having answered over after an adverse ruling on a

general demurrer, are not precluded from raising the question that the petition does not state facts sufficient to constitute a cause of action. Comp. St. 1929, sec. 20-808; *Sallander v. Prairie Life Ins. Co.*, 112 Neb. 629, 200 N. W. 344; *Martindale v. Panter*, 137 Neb. 522, 289 N. W. 869.

The particular complaint on the proposition that the petition does not state a cause of action is that, while plaintiff charges that the accident wherein she sustained damages was on a "public road," it is not alleged that the accident occurred on a highway which these counties, or either of them, erected and maintained, or were liable to keep in repair. The applicable statute is section 39-832, Comp. St. 1929, and is as follows: "If special damage happens to any person, his team, carriage or other property by means of insufficiency, or want of repairs of a highway or bridge, which the county or counties are liable to keep in repair, the persons sustaining the damage may recover in a case against the county, and if damages accrue in consequence of the insufficiency or want of repair of a road or bridge, erected and maintained by two or more counties, the action can be brought against all of the counties liable for the repairs of the same; and damages and costs shall be paid by the counties in proportion as they are liable for the repairs * * *."

In this connection it may be well to state that a county, being a political subdivision of the state, having subordinate powers of sovereignty, was not liable at common law for negligence in maintaining a public road or bridge. *Woods v. Colfax County*, 10 Neb. 552, 7 N. W. 269; *Franek v. Butler County*, 127 Neb. 852, 257 N. W. 235. Also, that counties are not liable to individuals for damages on account of the negligent or tortious acts of their officers or servants unless made so by statute. *Wehn v. Commissioners of Gage County*, 5 Neb. 494; *Woods v. Colfax County, supra; Hollingsworth v. Saunders County*, 36 Neb. 141, 54 N. W. 79; *Stocker v. Nemaha County*, 4 Neb. (Unof.) 230, 93 N. W. 721; *Hopper v. Douglas County*, 75 Neb. 329, 106 N. W. 330; *Davie v. Douglas County*, 98 Neb. 479, 153 N. W. 509; *Dawson*

*County Irrigation Co. v. Dawson County,* 106 Neb. 367, 183 N. W. 655; *Franek v. Butler County, supra.*

The defendants urge that to set forth a cause of action the petition must, in specific terms or in substance and effect, allege that the road on which the accident occurred was one which the county or counties *are liable to keep in repair.* They urge that the descriptive words "a certain *public road* on the line between Hitchcock and Hayes counties," coupled with the qualifying words "which was maintained by each of said counties," fall short of such an allegation.

There is no doubt that one of the essential elements of the right of recovery by plaintiff against the defendants is that the road in question was a highway *which the counties were liable to keep in repair. Beebe v. Scotts Bluff County,* 92 Neb. 501, 138 N. W. 737; *Bethel v. Pawnee County,* 95 Neb. 203, 145 N. W. 363; *Ewh v. Otoe County,* 98 Neb. 469, 153 N. W. 509; *Higgins v. Garfield County,* 107 Neb. 482, 186 N. W. 347; *Cromwell v. Fillmore County,* 122 Neb. 114, 239 N. W. 735; *Franek v. Butler County, supra.* Does then the language quoted sufficiently charge that the road in question was one which the counties were liable to keep in repair?

In support of her petition, plaintiff insists that it is the duty of counties not under township organization to repair and maintain all public roads within their borders in a reasonably safe condition for travel, and thus the allegation of a "public road" in the sense used sufficiently alleges or implies an allegation that duty of maintenance by the counties is required. She cites in support *Beebe v. Scotts Bluff County, supra; Bethel v. Pawnee County, supra; Ewh v. Otoe County, supra; Higgins v. Garfield County, supra; Cromwell v. Fillmore County, supra.*

An examination of these cases, however, discloses that the discussions were limited to questions of liability on the part of counties for negligence where there was no question about the fact that the highways or bridges in question were a part of the county highway system established properly as such by the counties. In all of these cases the

question raised was as to whether or not the counties would be relieved from liability for accidents occurring on roads and bridges admittedly a part of the highway system, on account of the peculiar circumstances disclosed by the evidence in the particular cases.

It cannot be seriously questioned that one of the burdens of plaintiff in this case was proof that the highway in question was a road *erected* and *maintained* by Hitchcock and Hayes counties. *State v. Steffen,* 121 Neb. 39, 236 N. W. 141; *Porter v. Lancaster County,* 130 Neb. 705, 266 N. W. 584. Maintenance is alleged in the petition but erection is not. Proof of the fact of erection or establishment was vital to a cause of action, and it was clearly so recognized by the trial court in the giving of instruction No. 11. The instruction told the jury in substance that the evidence was not sufficient to show the establishment of a road by any statutory proceeding or by prescription. It then proceeded to tell them that a road might be established by implied dedication, and informed them that the burden of proving implied dedication was upon the plaintiff.

The appellee argues that maintenance of a public road is a standing invitation to the public to travel over it, and hence the allegation of maintenance, coupled with the other allegations, is sufficient as a charge of liability against the defendants to maintain. The authorities cited on this proposition, when analyzed, fail to give it support. They hold only that where construction and maintenance have taken place under legal duty it becomes the duty to maintain in the light of changing conditions. *Bethel v. Pawnee County, supra; Ewh v. Otoe County, supra; Higgins v. Garfield County, supra.* The only maintenance discussed is negligent maintenance of a highway or bridge admittedly established.

Erection or establishment being one of the essential elements or ultimate facts upon which a right of recovery is dependent in this kind of case, may we say that a petition which lacks an allegation of such essential element or ultimate fact sufficiently states a cause of action? The answer to this question must be in the negative.

Since there is no bill of exceptions, we must assume that the case was presented to the trial court on the theory contained in the pleadings; therefore, it becomes necessary to reverse the judgment of the district court and remand the cause for further proceedings in accordance with this opinion.

REVERSED.