VIOLET A. SALTZGABER, APPELLEE, v. MORRILL COUNTY, APPELLANT.

FILED DECEMBER 31, 1923. No. 22533.

1. **Highways: EXCAVATIONS: LIABILITY OF COUNTY.** Plaintiff sued to recover damages from the defendant county for personal injuries, and also for damage to an automobile, incurred by driving into an excavation in the road. The highway, at the time, was in process of construction by the department of public works under sections 8333-8354, Comp. St. 1922. Plaintiff recovered judgment for $7,500. Reversible error does not appear in the instructions. The evidence conflicts on material ques-

tions, but there is sufficient competent evidence to sustain the verdict, which is not excessive, and we decline to set it aside.

2. ——: ——: ——. Evidence examined, and *held* that the defendant county is liable, under sections 8336, 8340, 8342, and 8355, Comp. St. 1922, for damages for personal injuries sustained by plaintiff, and also for damages to automobile in suit.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*K. W. McDonald* and *J. H. Steuteville,* for appellant.

*W. D. Oldham* and *Williams, Hurd & Neighbors, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and DEAN, JJ., REDICK, District Judge.

DEAN, J.

This action was brought to recover damages from Morrill county for personal injuries sustained by plaintiff and for the destruction of an automobile, all occasioned by driving into an obstruction on a public highway where a bridge was being installed about a half mile southeast of Bridgeport. The jury returned a verdict for plaintiff for $7,500. The county brings the record here to have the proceedings reviewed.

The action was brought under section 2746, Comp. St. 1922, which provides: "If special damage happens to a person, his team, carriage or other property by means of insufficiency, or want of repairs of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county."

The argument on the part of the defendant county is that the highway in question is one which it was not liable to keep in repair when the accident happened and that it cannot therefore be holden for damages. The county argues that the highway is not a county highway but is part of a system of state highways which are established under the supervision of the state board of irrigation, highways and

drainage, as provided by section 8333, Comp. St. 1922. The highway in question here is numbered 87 under the foregoing act.

The undisputed evidence of the district engineer, the project engineer and the contractor is that the highway, at the place where the accident occurred, was not yet completed when the accident happened and had not at the time been turned over to the county authorities. The accident occurred in August, 1920, and the highway was not turned over to the county until some time in May, 1921. It is clearly established that at the time of the accident the highway was still in process of construction, with funds which were being furnished by the state and federal governments. It was then under the control and management of the department of public works of Nebraska.

Defendant, in large part, bases its argument of nonliability on the foregoing facts. In view of the statute we do not think the argument is tenable. Section 8336, Comp. St. 1922, provides:

"On and after January 1, 1920, each county shall adequately maintain the whole of the state highway system lying within the county in accordance with the directions, specifications and regulations made for such maintenance by the department of public works. Such maintenance shall include improvements to the existing surface of said highways, to bridges, culverts and other structures thereon, as well as the erection and maintenance of suitable markers as may be deemed necessary for the convenience and safety of the traveling public."

Section 8340 provides generally that, if any county fails to adequately maintain that portion of the state highway in the county, the department of public works shall notify the county clerk of such failure. It is then the department's duty to furnish the required maintenance at the county's cost. The county board is authorized by section 8342 to close temporarily any portion of a state highway for repairs or to make improvements, and the county board is required to post notice of such closure at the roadside by suitable

signs. Section 8355 provides generally that the depart-
ment of public works, jointly with the county board, may
let the contract for such work or it may be done under
the direction of the department of public works.

There is no escape from the meaning of the statutory
language. It requires no discussion to establish that, in a
proper case, a county cannot avoid liability under the act,
where its requirements as to notice and the like are ignored,
as was the fact in the present case.

The record contains an exhibit which shows an acceptance
by the county board of "all of the provisions of the federal
and state aid road acts," as provided by an act of the sixty-
fourth congress (39 St. at Large, ch. 241, p. 355) and house
roll 722 of the 1917 session of the Nebraska legislature,
approved April 19, 1917 (Laws 1917, ch. 185). In that in-
strument, which appropriately described the highways, the
county board made application for state and federal funds,
for road maintenance and the like, for Morrill county, as
apportioned by the legislature in the foregoing bill.

In respect of the facts, the evidence on plaintiff's part
tends to show that when the accident happened plaintiff's
husband was driving the car at a speed rate which did
not exceed 18 miles an hour. There were objects on the
side of the highway, but not in the traveled portion, which
her husband saw at a distance of from 25 to 30 feet, and
he testified that he applied the brakes at that point but was
unable to stop before the car ran into the ditch.

It seems that it was a moonlight night when the accident
occurred. A witness on defendant's part testified that he
and plaintiff raced their cars when they were about a half
mile from the excavation in question, and that he overtook
and passed plaintiff's car while traveling at a rate of 45
miles an hour, and that plaintiff's car was making about 38
or 40 miles an hour. There is also evidence tending to prove
that there was a pile of sand and a cement mixer and other
objects on the side of the road which could be seen at a
distance of 100 yards or thereabout before reaching the
ditch. Defendant therefore contends that, if plaintiff had

exercised ordinary care for the safety of herself and her car, there would have been no accident. But the objects were not in the road, but on the roadside; so that the jury doubtless concluded they did not come within plaintiff's range of vision. On the question of speed the evidence conflicts. But it was submitted to the jury for their consideration. And, besides, the court instructed on comparative negligence, and the jury appears to have found in favor of plaintiff, on every material fact, under instructions in which reversible error does not appear.

The evidence shows that the plaintiff's injuries were severe and that the Paige car in which the occupants rode was practically demolished. There is no dispute in respect of the extent of the injuries to person or property. That there is sufficient competent evidence to support the verdict clearly appears, and in such case we decline to set it aside.

The judgment is

AFFIRMED.