CHARLOTTE PORTER, APPELLANT, V. LANCASTER COUNTY, APPELLEE.

FILED APRIL 10, 1936. NO. 29585.

*Sterling F. Mutz* and *Robert S. Stauffer,* for appellant.

*Max G. Towle* and *Farley Young, contra.*

Heard before GOOD, PAINE and CARTER, JJ., and CLEMENTS and THOMSEN, District Judges.

GOOD, J.

This is an action for damages for personal injuries alleged to have been caused by a defective condition of a state highway. At the close of plaintiff's testimony there was a directed verdict for defendant. Plaintiff has appealed.

It may be conceded, for the purpose of argument, that plaintiff's injuries were caused by a defect in a state highway about a mile west of the city of Lincoln. The principal question for determination is: Was the county of Lancaster liable because of the defect in the highway?

Section 39-832, Comp. St. 1929, provides: "If special damage happens to any person, * * * by means of insufficiency or want of repairs of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county, * * * provided, further, no county or village shall be liable for damages occasioned by defects in state highways and bridges thereon which, under the provisions of section 8336, Compiled Statutes of Nebraska for 1922, as amended by chapter 158, section one, Laws of Nebraska for 1925; as amended by chapter 187, section one, Laws of Nebraska for 1927, the department of public works is required to maintain: Provided, however, the county or village shall not be relieved of liability until the state has actually undertaken construction or maintenance of said highways."

It is conceded that the defect giving rise to the accident

is on a state highway, and in plaintiff's brief it is conceded that "The highway is a state highway which since 1926 ordinarily has been repaired and reconstructed by the state highway department, but this particular dangerous condition in the highway was apparently not reported to the state highway department by the officials of Lancaster county and reconstruction of the abutment or elimination of the danger had not been commenced by the state highway department at the time of the injury complained of." Prior to 1925 the duty had been imposed upon the counties to maintain all of the public highways of said county.

In 1919 the legislature passed an act relating to, and providing for a system of, state highways, and, among others, designated highway No. 33, commencing at Lincoln and running near or through Emerald, Seward, Tamora, Utica and Waco, to York. Laws 1919, ch. 190. Section 4 of the act imposed upon the counties the duty of maintaining the highway system lying within the county, in accordance with directions, specifications and regulations made for such maintenance by the department of public works. Section 8 of the act authorized the county board to close temporarily to traffic any portion of a state highway for the purpose of repairing or making improvements thereon. Section 9 authorized the county board to arrange detours around portions of state highways closed for repairs, as it might deem expedient for this purpose. It will thus be seen that, as the law then existed, the duty was imposed upon the county board to maintain the roads designated as state highways.

In 1925 the law relating to state highways was amended by chapter 158, Laws 1925. Section 1 of that act, now appearing as section 39-1404, Comp. St. 1929, provides: "On and after January 1, 1926, it shall be the duty of the department of public works to maintain the whole of the state highway system, including bridges thereon: * * * In carrying out such work of maintenance, the department of public works is hereby authorized to enter into agreements with boards of county commissioners and county supervisors in counties which it may find to have an organization and

equipment suitable for that purpose, or to employ such other methods or means as it may deem best for that purpose; provided, that if any county which may enter into any such agreement for maintaining the state highways therein shall fail to perform such maintenance work in accordance with said agreement and to the satisfaction of the department of public works, such department may cancel such agreement and adopt such other means as it may deem best for the performance of such work."

By this latter act the duty of maintaining and keeping in repair state highways was imposed upon the department of public works, and of course was necessarily taken from the counties, except where the county boards, by contract with the department of public works, undertake to maintain such state highways. It is true that several of the sections of the act of 1919 were left intact, but, as we view it, they would have no application now to the duty of counties to maintain and keep in repair state highways, except where the counties had undertaken, by contract with the department of public works, to maintain state highways within such counties. We think that, under the circumstances as disclosed by the legislative act, the county was relieved of the duty of maintaining state highways except where it contracted for such maintenance with the department of public works.

Plaintiff has cited and to some extent relies upon *Franek v. Butler County*, 127 Neb. 852, 257 N. W. 235, *Frickel v. Lancaster County*, 115 Neb. 506, 213 N. W. 826, and *Saltzgaber v. Morrill County*, 111 Neb. 392, 196 N. W. 627. In the *Franek* case the question did not involve state highways, but was whether the road was a county road or one which the township was required to keep in repair. The facts giving rise to the decisions in *Frickel v. Lancaster County*, *supra*, and in *Saltzgaber v. Morrill County*, *supra*, arose prior to the enactment of the law of 1925, and were ruled by the law as it previously existed. The rules therein announced are inapplicable under the law as it existed at the time of plaintiff's injury.

There is no allegation or evidence that Lancaster county had entered into a contract with the department of public works for the maintenance of the highway whereon the accident occurred. We conclude, therefore, that there was no duty devolving upon Lancaster county to maintain and keep in repair the highway in question, and, in the absence of such duty, there could be no liability.

We think that the court properly directed a verdict for defendant.

AFFIRMED.